CYNTHIA A. BOHRER and another *vs.* JAMES H. DRAKE and another.

May 29, 1885.

**Partnership—Contract Construed—Dissolution by Completion of Business.**—A contract between the plaintiffs and the defendants for the purchase of eggs during a stated period, with funds to be contributed by both parties, and for the storage and sale of the eggs, the enterprise to be conducted on their joint account, with equal participation in profit and loss, construed as creating a partnership, which was dissolved by the completion of the business contemplated.

**Same—Payment of Notes by Partner.**—The plaintiffs, having indorsed the notes of their copartners, the defendants, upon which the share of copartnership funds to be contributed by the latter was obtained, afterwards paid the notes. *Held,* that plaintiffs were entitled to reimbursement.

**Same—Negligence of Partner in Care of Property—Liability to Copartner.**—The defendants, having assumed the care of the partnership property, were legally required to exercise ordinary care in the performance of that duty, and became responsible to the plaintiffs for negligence in that regard.

**Same—Action between Partners—Complaint held Sufficient on Demurrer.**—The causes of action above indicated being alleged by complaint, a demurrer will not lie for insufficiency of the complaint, whether the action be deemed legal or equitable in its nature.

Appeal by defendants from an order of the district court for Ramsey county, *Simons,* J., presiding, overruling a demurrer to the complaint.

*C. K. Davis,* for appellant.

The complaint fails to state a cause of action at law, for the reason that such an action, brought by partners against partners, is not maintainable except under a few well-understood exceptional circumstances, none of which are stated in this complaint. Broom's Legal Maxims, 345; Dicey on Parties, 176; *Buckley* v. *Carlisle,* 2 Cal. 420; *Stone* v. *Fouse,* 3 Cal. 292; *Barnstead* v. *Empire Mill Co.,* 5 Cal. 300; *Capen* v. *Barrows,* 1 Gray, 376; *Wood* v. *Cullen,* 13 Minn. 365, (394;)

*Murray* v. *Bogert,* 14 John. 318; *Thompson* v. *Steamboat,* 2 Ohio St. 27.

Neither does the complaint state the necessary facts for equitable relief. *Tullis* v. *Fridley,* 9 Minn. 68, (79.) When a complaint attempts but fails to state a cause of action in equity, a general demurrer may be sustained, notwithstanding it may contain allegations which, if eliminated and standing by themselves, might be sufficient to constitute a cause of action at law. *Denner* v. *Chic., etc., Ry. Co.,* 57 Wis. 218; *Lawson* v. *Menasha Co.,* 59 Wis. 393.

*Warner, Stevens & Lawrence,* for respondents.

DICKINSON, J.[1] Appeal from an order overruling a demurrer to the complaint. The following facts are disclosed by the complaint:

The plaintiffs entered into a contract with the defendants for the purchase of eggs during the early part of the year 1883, and for the storage and sale of the same on their joint account. The defendants, who had a cold storage warehouse, were to receive, handle, and care for the eggs in their warehouse, placing them in a cold room of uniform temperature, and keeping them there until disposed of. Either party had the right to make sales. No compensation was to be charged by either party for services in the business. The profit or loss was to be equally divided between the two parties to the contract. The funds necessary for the business were to be furnished in equal proportions by the two parties, and were to be procured upon their respective notes for equal amounts; the notes of each party to be indorsed by the other. The plaintiffs performed all of the conditions of the contract on their part. A stated quantity of eggs was purchased, and delivered to and received by the defendants, but the eggs were not cared for and kept by them with ordinary care, and through the want of such care the defendants suffered a stated quantity of the eggs to become spoiled; the nature and extent of the injury being specifically stated in the complaint. All of the eggs which had not become wholly spoiled and worthless have been sold; the greater part having been sold by the plaintiffs for a price stated, and the remainder by the defendants for a price also stated. The complaint further alleges the

[1] Berry, J., was absent and took no part in this case.

mutual indorsement of notes in accordance with the contract; that the plaintiffs have paid for the defendants, on the notes of the latter, the sum of $1,500; and that the defendants have paid on the notes of the plaintiff $1,000. A judgment for money is demanded, as in an ordinary legal action.

The legal effect of the contract was to create a copartnership between the plaintiffs and the defendants, which has been dissolved by the completion of the business for which it was formed. The plaintiffs are entitled to be reimbursed on account of the alleged payment of the notes of the defendants, upon which the defendants' share of the funds for the prosecution of the partnership business was raised. The defendants, in the performance of their obligation to take care of the eggs in their cold storage warehouse, were legally required to exercise ordinary, reasonable care; and for negligence in that regard they would be responsible. Story, Partn. § 233; Lindley on Partnership, *783, 784; *Carlin* v. *Donegan*, 15 Kan. 495; *Jessup* v. *Cook*, 6 N. J. Law, 434. A cause of action is therefore shown by the facts alleged, and, whether the action is to be deemed legal or equitable in its nature, the demurrer was properly overruled. *Canty* v. *Latterner*, 31 Minn. 239, and cases cited. See, also, *Greenleaf* v. *Egan*, 30 Minn. 316.

Order affirmed.