## STATE v. THOMAS JAMES.[1]

December 5, 1913.

Nos. 18,228—(12).

**Death from pneumonia — evidence — expert opinion.**

Defendant inflicted knife wounds upon one Miller, one of the wounds being a deep stab which penetrated the left lung. Forty-eight hours after the assault Miller developed pneumonia and died from this disease a week later. It is *held:*

(1) The evidence did not leave the cause of death a matter of speculation or conjecture, but was sufficient to justify the conclusion that the pneumonia germ was not inhaled, but entered the lungs on the knife blade of defendant, or through the puncture in the lung made by the knife, and therefore that defendant caused the death and was guilty of murder.

(2) The case was a proper one for expert opinion evidence, but not one where the jury could consider only such evidence in determining the cause of death.

(3) There was no misconduct of counsel of a character to require granting a new trial.

[1] Reported in 144 N. W. 216.

Defendant was indicted by the grand jury of the crime of murder in the first degree, tried in the district court for St. Louis county before Dibell, J., and a jury, and convicted of murder in the second degree. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Warner E. Whipple,* for appellant.

*Lyndon A. Smith,* Attorney General, and *Warren E. Greene,* County Attorney, for respondent.

BUNN, J.

Defendant was convicted of murder in the second degree, and appeals from an order denying a new trial.

On the evening of October 21, 1912, in a saloon in Duluth, defendant inflicted two knife wounds on Rudolph Miller. One was a gash running from under the left ear across the neck, making a small hole in the windpipe. The other was a stab in the back, inside the left shoulder blade. The first wound was more or less superficial, but the stab in the back went deep, piercing the left lung of the victim. Miller was taken to a hospital, and for 48 hours his condition was favorable to a recovery. On the evening of the second day his temperature suddenly shot up, his pulse became rapid, and pneumonia developed. He died October 29 from pneumonia.

The indictment charged murder in the first degree. The defense was that the assault was justifiable or excusable because in self defense. The jury, under proper instructions, found against defendant on this issue, and this finding is not assailed on this appeal.

The contention here is that, under the rule of proof in criminal cases, the finding of the jury that Miller's death was caused by the wounds inflicted by defendant, is not sustained by the evidence. That the cause of death was the pneumonia that developed two days after the assault, is admitted. The question is whether the evidence justified the jury in their conclusion that the pneumonia was caused by the wounds inflicted by defendant.

Miller was a large heavy man, in the prime of life. He was in good health except for alcoholism. The stab in the back pierced the left lung; the pneumonia attacked this lung, and did not affect

the other. Dr. Murphy, assistant health commissioner and police-surgeon, who dressed the wounds and attended the patient until October 25, gave it as his opinion that the pneumonia was caused by infection through the wounds, particularly the stab that punctured the left lung. He testified that this is not an unexpected result in wounds of this character, though not a necessary result. He based his opinion that the wounds caused the pneumonia in this case upon the fact that the disease attacked and was confined to the lung that was pierced by the knife; the fact that it developed at a time after the wound when it was usual for pneumonia to manifest itself; and the fact that the patient did not have the preliminary symptoms that ordinarily accompany the beginning of pneumonia acquired by inhaling the germs, that is, a chill and a feeling of lassitude. Dr. Fahey, health commissioner and a physician of experience, attended Miller from October 25 to his death. He had known the patient for some years, and testified that he considered him "saturated with alcohol," "a chronic alcoholic." In his opinion this would have a tendency to render the patient particularly susceptible to pneumonia. Dr. Fahey explained the ways in which pneumonia may originate. It is caused by a bacillus or germ, known as the pneumococcus, getting into the lungs from the outside. The germ may get into the lungs either by inhalation or by infection through a wound. In the case of Miller, Dr. Fahey expressed himself as being unable to give an opinion whether the germ was taken into the lungs by inhalation, or whether it was introduced into the lung by the knife of the defendant. He testified that it might have been so introduced, that he would not say it was not, but that he could not state definitely whether it came from the stab wound or from inhalation.

On this evidence and under clear and correct instructions, the jury was satisfied beyond a reasonable doubt that the germ causing the death of Miller reached his lungs through the wounds inflicted by defendant. The trial court refused to disturb the verdict, saying that it was unable to see how a different conclusion could have been honestly and intelligently reached by the jury. We have been favored with able and elaborate briefs that show the most painstaking industry on the part of counsel. We regret that we are not favored with oral arguments.

Counsel for defendant relies on cases in which this court has reversed civil and criminal cases for insufficiency of the evidence, particularly where the question was one of causal connection. He insists that these cases show that this court has not always refused to "encroach upon ·[the] sanctuary" of the jury's province, and that there is no force in the objection that a reversal here "would involve an unjustifiable invasion of a field of inquiry foreign to and barred against this court." The rule is well established that, where there is no evidence reasonably tending to support · a verdict, the duty of this court to say so is imperative, as is also the rule that a verdict that rests upon mere possibility, speculation and conjecture, will not be permitted to stand. The cases are valuable as authority only as the facts involved make them in point. As stated in Minneapolis Sash & Door Co. v. Great Northern Ry. Co. 83 Minn. 370, 86 N. W. 451, the rule must be applied to each particular issue as it arises. Without doubt, in the case at bar, it was necessary that the evidence established causal connection between the wounds inflicted by defendant and the death of Miller, in order to justify a conviction of murder in any degree. In other words, the proof must be such as to satisfy the jury beyond a reasonable doubt that the germ reached the lungs through the wounds, and not by inhalation. A mere possibility is not enough, nor must it be a matter of mere conjecture. We have given careful consideration to the evidence and reach the conclusion that we ought not to say that the verdict finding that defendant caused the death of Miller is based on the mere possibility or probability that the bacillus reached Miller's lungs through the wounds inflicted by defendant, or upon conjecture.

We have already mentioned, in the statement of facts, some of the considerations that lead us to reach this conclusion. Miller exhibited no signs of having inhaled the dreaded pneumococcus before 48 hours after defendant's knife opened a hole in his windpipe and pierced his left lung. At the time of the assault he was apparently in robust health. While it must be conceded that it is not impossible that he had inhaled the germ, the coincidence is remarkable that the symptoms of pneumonia should develop only after the stabbing, and at about the time they would be expected to

develop had the germ been introduced into the lung on the blade of defendant's knife. The fact that the disease attacked the wounded lung only is entitled to weight, as is also the absence of the chill and the feeling of lassitude which are ordinarily the preliminary symptoms when the germ is inhaled. It is not claimed, and cannot be, that alcoholism was a cause of the pneumonia. It was a condition which made it easy for the bacillus to do its work, but not a cause. It is conceded that the germ is not latent in the body waiting for favorable conditions, but must be introduced into the lungs from the outside. That alcoholism made a fatal result more probable is not against the conclusion that defendant caused the death, any more than if blood poisoning had followed the wounds and it was claimed that Miller's being "saturated with alcohol" made it impossible to resist the disease.

The claim that the verdict is not supported by sufficient evidence is based largely on the fact that while Dr. Murphy gave his opinion that the bacillus came through the wounds, Dr. Fahey was unable to say whether this was so, or whether the germ was inhaled. It is not a case where the experts disagreed, but where one gave an opinion, and the other was unable to do so. Neither is it a case where the jury could consider nothing but the opinions of experts in reaching its conclusion. The case "concerned a matter of science or specialized art," in so far as it involved an inquiry into the causes and symptoms of pneumonia, and was a proper one for the opinions of experts as to the cause of the disease in the particular case after the foundation of expert knowledge and acquaintance with the facts was laid. But the question was not one upon which there could be no light except the expert opinions. The facts already mentioned were such as the jury could consider in reaching a decision, together with the expert evidence. Moratzky v. Wirth, 74 Minn. 146, 76 N. W. 1032. And there is really no conflict in the expert evidence. We are unable to agree with defendant's counsel that Dr. Murphy's opinion was based upon insufficient data. This argument seems based upon the assumption that Dr. Murphy did not know the past history of Miller as to alcoholism. But it is quite clear that this would not have helped him determine how Miller acquired the germ.

Dr. Murphy dressed Miller's wounds, and attended him until after the pneumonia manifested itself. He had actual knowledge of the nature of the wounds, of the apparent condition of general health of the patient, and of the time when the disease first appeared, and of its location.

We hold that the verdict has evidence to support it that is sufficient to prevent our interference after the trial court has given its approval. Nor do we overlook the fact that this is a criminal case. Defendant relies greatly upon Mageau v. Great Northern Ry. Co. 106 Minn. 375, 119 N. W. 200. The Mageau case is so different from this in its facts that it is not controlling here. The conclusion there reached that the expert evidence was too uncertain and conjectural to form the basis of a verdict was based upon the peculiar facts of the case, which in a great measure tended to make the cause of death a matter of pure speculation.

Misconduct of counsel is urged as a ground for reversal. The basis of this charge is that the county attorney failed to call as a witness one Triplett, a negro who was in the saloon at the time of the dispute, stating as his reason that he had talked with the witness and did not care to use him. Triplett testified on behalf of defendant, supporting the claim of self defense. We see no ground for granting a new trial here.

Order affirmed.