## HERMINA W. TURNER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 24, 1918.

No. 20,853.

**Cause of death — question for jury.**

> The evidence was sufficient to make a question for the jury and should have been submitted to them.

Action in the district court for Hennepin county by the administratrix of the estate of Harry A. Turner, deceased, to recover $7,500 for the death of her intestate and $600 for damages to his automobile. The answer alleged that the injuries were caused by the carelessness and negligence of Harry A. Turner. The case was tried before Fish, J., who at the close of the evidence granted defendant's motion for a directed verdict. From an order denying plaintiff's motion for a new trial, she appealed. Reversed.

*Wickersham & Metcalf,* for appellant.

*R. T. Boardman,* for respondent.

TAYLOR, C.

Plaintiff, alleging that the death of her intestate was caused by the wrongful act of defendant, brought this action for damages. At the conclusion of the evidence, the court directed a verdict for defendant, and plaintiff appealed from an order denying a new trial.

The deceased was injured on March 6, 1914, in a collision between one of defendant's street cars and an automobile driven by himself. He died on February 12, 1915. The sole question presented is whether the

[1]Reported in 167 N. W. 1041.

evidence is sufficient to make a question for the jury as to whether his death resulted from the injuries which he had sustained in the collision.

His death was caused by interstitial nephritis. This is conceded. The contention that this disease was a consequence of the injuries sustained rests upon the testimony of Doctor Cowles who attended the deceased from the time of the injury until his death, and who had previously treated him from October 23, 1913, until the middle of February, 1914, for dropsy, heart trouble and nephritis. The doctor stated that while the deceased had nephritis before the accident he appeared to have regained his normal health in February, 1914, and although the disease would eventually return, that a patient suffering from it might live 10 or 15 years in the absence of any untoward event, but that a shock or injury might bring it back at any time. At first the doctor stated that the accident caused the death of the deceased; later that his death was not caused by nephritis; still later that "nephritis is only one of the things that he died of. He died of shock caused by the accident;" and finally that he died of interstitial nephritis and "that the accident brought it back." The doctor's testimony as to the cause of death was so contradictory and unsatisfactory that the trial court disregarded it, but we are unable to say that it was wholly without probative force. Doctors called by defendant stated that in their opinion the injuries sustained had no part in causing or hastening the death of the deceased for the reason that interstitial nephritis is incurable and not of a nature to be affected by such injuries. But the credibility of witnesses and the weight of evidence is for the jury to determine, and we are of opinion that the question should have been submitted to them.

Order reversed.