## NELLIE HOLLAND v. YELLOW CAB COMPANY, INC.[1]

January 9, 1920.

No. 21,499.

**Appeal and error — verdict on contradictory evidence not reversible.**

1. Contradictory evidence as to the respective speeds at which a taxicab and a touring car approached the intersection of two streets where they met in collision. Same number of witnesses of the collision for each party. Verdict for plaintiff approved by trial court. *Held:* An appellate court has no right to vacate the verdict under such circumstances. [Reporter.]

[1] Reported in 175 N. W. 536.

**Appeal and error — damages not excessive.**

2. Where the injury is to the sacro-illiac joint and affects locomotion and the jury had opportunity to note the physical appearance and movements of plaintiff at the trial, the judgment of the jurors and trial court will not be reversed on appeal, even if plaintiff did engage in dancing a few months after the injury. [Reporter.]

**Contributory negligence of guest of driver — exceeding statutory speed.**

3. A person riding in a touring car at the invitation of the owner along wide, level, paved and dry streets at an hour of the evening when there is comparatively little driving on down town streets, who was not driving and had no control over the driver, is not guilty of contributory negligence, as a matter of law, if the driver collides with another car, because she rode for several blocks at a speed of 15 or 20 miles an hour, without making any protest. Section 2635, G. S. 1913, as amended, does not make a speed of more than ten miles an hour conclusive of negligence or excessive speed. [Reporter.]

Action in the district court for Hennepin county to recover $15,000 for personal injuries. The answer alleged that plaintiff's injury was due solely to the carelessness and negligence of the driver of the car in which she was riding. The case was tried before Jelley, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $2,750. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was denied on condition plaintiff consented to a reduction of the verdict to $2,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*L. O. Rue*, for appellant.

*John O. Loeffler* and *William A. Tautges*, for respondent.

PER CURIAM.

A taxicab going east on Eleventh street in the city of Minneapolis and a touring car going north on Marquette avenue collided where these two streets intersect at right angles. Plaintiff was seated in the rear seat of the touring car, and claims to have wrenched her back from the jolt of the collision. The jury awarded her damages, and defendant, the owner of the taxicab, appeals from the order denying a new trial. The witnesses for plaintiff testified that the taxicab was approaching the intersection at about twice the speed the touring car was approaching it, and that the touring car

passed the south line of Eleventh street when the taxicab was some 30 or 40 feet west of the west line of Marquette avenue. The witnesses for defendant testify to exactly the reverse as to the relative speed and position of the two cars as they entered or approached the intersection. There were four witnessess on each side as to the occurrence of the collision. It is clear that upon such conflicting testimony this court has no right to vacate the verdict, finding defendant negligent and plaintiff free from negligence, approved as it is by the trial court.

Nor can we say that the damages, as reduced, are excessive. The injury is located by plaintiff and her medical experts in the sacro-illiac joint, a part of the human anatomy sufficiently obscure in its functioning to have given rise, of late, for a workable combination between a plaintiff's subjective symptoms and medical experts' opinions to draw large verdicts from jurors. And in this case, it might well be doubted that plaintiff was injured as and to the extent claimed by her from the fact that, within a few months after the injury, she participated in such vigorous exercise as dancing, for we understand that an injury to this joint affects locomotion. But, after all, we must, on the question of such injuries and compensation therefor, defer to the judgment of the jurors and the trial court who in addition to knowledge of this dancing episode had also the opportunity to note the physical appearance and movements of plaintiff during the trial.

We cannot sustain defendant's claim that plaintiff's negligence appeared, as a matter of law, from her admission that she rode as an invitee of the owner of the touring car at a speed of from 15 to 20 miles an hour for several blocks, without protesting, immediately before the collision occurred.

It is said this was within a city district where section 2635, G. S. 1913, as amended, makes a greater speed than ten miles an hour unreasonable and negligent. Plaintiff was not driving and had no control over the driver. The touring car was being driven along wide, level, paved and dry streets at a time in the evening when there was comparatively little driving on down town streets. The statute does not say that a speed of more than ten miles per hour shall be conclusive of negligent or excessive speed; it is only made prima facie evidence that it is greater than is reasonable or proper. And we do not think that a person riding with one going at a speed of 20 miles an hour, under the conditions existing at the time in question, can be held, as a matter of law, to be guilty of contributory negligence if the driver collides with another car.

Order affirmed.