## NELLIE JONES v. GEORGE SCHREIBER.[1]

February 11, 1926.

No. 25,130.

**Question of driver's contributory negligence for jury.**

Plaintiff, as defendant's guest, was riding in the rear seat of his car which defendant operated negligently, resulting in plaintiff's injury. The car was traveling between 45 and 50 miles per hours for about a mile immediately prior to the accident. Plaintiff had never driven a car, but realizing that they were traveling at a dangerous speed became frightened. She did not make any protest. *Held* that plaintiff was not guilty of contributory negligence as a matter of law, but that the evidence made this a jury question.

Motor Vehicles, 28 Cyc. pp. 37 n. 22; 49 n. 47.

Action in the district court for Blue Earth county to recover damages for personal injuries. The case was tried before Comstock, J.,

[1]Reported in 207 N. W. 322.

and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Regan & Grogan*, for appellant.

*H. L. & J. W. Schmitt* and *H. W. Volk*, for respondent.

WILSON, C. J.

This is an appeal by defendant from an order denying an alternative motion for judgment non obstante or a new trial.

Defendant and his wife invited plaintiff, her sister and husband, to take an automobile ride. Defendant drove the car, the two gentlemen occupying the front seat and the three ladies the rear. They were traveling upon a trunk highway and, as determined by the jury, the defendant so negligently operated the car that it went into a side ditch, seriously injuring the plaintiff. Was plaintiff guilty of contributory negligence? This is the sole question presented by the record.

All the parties were of mature years and on friendly terms. It was dusk and the lights were turned on. There was no other traffic on the road at the time. The car was traveling between 45 and 50 miles per hour for perhaps a mile immediately prior to the accident, during which time plaintiff did not talk. She had never driven a car, but realizing that they were traveling at a dangerous speed, became frightened. But being defendant's guest and apparently in fear of being considered officious, she did not protest. There is no rule of law that decides where silence under such circumstances should cease. Plaintiff had no physical control of the car and no authority to direct its operation. Upon such facts it cannot be said that plaintiff was guilty of contributory negligence as a matter of law. Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 891; Holland v. Yellow Cab Co. 144 Minn. 475, 175 N. W. 536; Lochhead v. Jensen, 42 Utah, 99, 129 Pac. 347.

The negligence of a person operating an automobile cannot ordinarily be imputed to his guest. Lundh v. G. N. Ry. Co. 165 Minn. 141, 206 N. W. 43; Bower A. R. Co. v. Young (Tex. Civ. App.) 274 S. W. 295; Rappaport v. Roberts (Mo. App.) 203 S. W. 676; Ton-

seth v. Portland Ry. L. & P. Co. 70 Ore. 341, 141 Pac. 868. The guest, of course, cannot evade his duty to use reasonable diligence in caring for himself. Thompson v. Los Angeles & S. D. B. Ry. Co. 165 Cal. 748, 134 Pac. 709; Rappaport v. Roberts, supra. The standard of care is the conduct of a reasonably prudent person under the existing conditions. White v. Portland G. & C. Co. 84 Ore. 643, 165 Pac. 1005.

Under certain circumstances, it has been held that a guest or passenger is guilty of contributory negligence in not protesting against the negligence of the driver. 20 R. C. L. § 137, p. 165. Doubtless there may be cases where the driver's negligence is so flagrant as to require at least a verbal effort to cause it to cease. State v. Phillinger, 142 Md. 365, 120 Atl. 878. But usually it is for the jury to say whether the circumstances command such action by an ordinarily prudent person. Plaintiff possessed no knowledge superior to defendant's as to dangers involved in the operation of the car. The situation is quite different from that in which a guest fails to advise a driver of approaching danger—such as another automobile or locomotive, the proximity of which is unknown to the driver. We cannot say upon the facts in this case that plaintiff joined the defendant in testing manifest dangers as discussed in Hardie v. Barrett, 257 Pa. St. 42, 101 Atl. 75, L. R. A. 1917F, 444. Of course it is possible for such guest to be guilty of contributory negligence. Powell v. Berry, 145 Ga. 696, 89 S. E. 753, L. R. A. 1917A, 306.

In this case, however, defendant's negligence was of such character as to require the jury to determine when, if at all, plaintiff became negligent. The court properly submitted the question of plaintiff's contributory negligence to the jury.

Affirmed.