CARL L. AND WILLIS E. STENSTROM v. MAX BLOOSTON.[1]

March 28, 1929.

Nos. 27,256, 27,453.

*Sexton, Mordaunt & Kennedy,* for appellant.
*Wright & Wright* and *A. W. Bowen,* for respondents.

TAYLOR, C.

These two actions for personal injuries arising out of the same accident and tried together resulted in verdicts for the plaintiffs. Defendant made a motion in each for judgment notwithstanding the verdict, which was denied. Judgments were entered thereafter,

[1]Reported in 224 N. W. 462.

and he appealed therefrom. The sole question presented is whether the plaintiffs were guilty of contributory negligence as a matter of law.

The parties are residents of the city of Minneapolis. The plaintiffs are brothers. A business deal was pending between the plaintiffs and the defendant, and they arranged to drive to St. Cloud on January 26, 1926, to inspect some property at that place. Plaintiffs drove to defendant's home in their own automobile but at defendant's suggestion left it in his garage and rode with him in his automobile. Defendant and his wife occupied the front seat and plaintiffs the back seat both going and returning. The road was paved but icy. They made the trip to St. Cloud in the middle of the day when it was thawing. It began to freeze in the afternoon, and plaintiffs state that on the return trip the road was covered with a sheet of ice. When they were within a few miles of Anoka on the way back the automobile plunged into the ditch at the side of the road and overturned, injuring the plaintiffs.

Defendant contends that as he denied all charges of negligence the jury must have accepted the testimony of plaintiffs as true, and that if it be true they were guilty of contributory negligence as a matter of law. They testified that on the way to St. Cloud defendant drove at an improper and dangerous rate of speed, and that they remarked to each other that he was not a good or careful driver. They testified that on the way back defendant drove from 45 to 55 miles an hour, never less than 45; that defendant's wife repeatedly asked him to drive slower; that one of plaintiffs also asked him to drive slower; that shortly before the accident he drove at least 55 miles an hour to pass a Cadillac car; that shortly after passing it the Cadillac car honked to pass them; that to let it pass defendant swung to the right so that his right rear wheel was off the pavement in the snow; and that as he swung back the car shot across the road into the ditch.

Defendant argues that plaintiffs, according to their own testimony, realized when at St. Cloud that he drove at an excessive and dangerous rate of speed in view of the icy condition of the road,

and therefore were guilty of contributory negligence as a matter of law in riding back with him or in remaining in the car after they saw the manner in which he was driving on the way back.

Defendant had driven cars for several years and was driving his own car with which he was familiar, and there is no suggestion that he was incapacitated in any way or not competent to operate it properly. Plaintiffs were endeavoring to make a business deal with him and naturally would not care to offend him. While they recognized that he had driven at an excessive speed on the way to St. Cloud, nothing untoward had happened on that part of the trip, and we think it cannot be said that they were guilty of contributory negligence as a matter of law in returning with him. On the way back the road proved to be more dangerous and his driving more reckless than on the way out. Plaintiffs were invitees riding in the back seat. They had no control over defendant nor over the car and no authority to direct how it should be operated. The protests of defendant's wife against the rate of speed were unavailing. It is difficult to say what a guest riding under such circumstances should or could do. This court has never held that his failure to insist upon a slackening of the speed constituted contributory negligence as a matter of law.

In Johnson v. Evans, 141 Minn. 356, 361, 170 N. W. 220, 2 A. L. R. 891, the plaintiff was riding as a guest in a car which was being driven between 30 and 45 miles an hour on a dark night and which went into a ditch at an unexpected turn in the road. The court said:

"Plaintiff of course knew of the darkness, and of the fact that the car was being run at a rapid rate of speed. But she had no control over the operator, and was without authority to order or direct that the speed be slackened. She was the driver's guest."

It was held that "contributory negligence should not be declared as a matter of law."

In Jones v. Schreiber, 166 Minn. 177, 207 N. W. 322, the plaintiff was riding as the guest of defendant when the car running 45 or 50 miles an hour went into a side ditch. Plaintiff realized they were

traveling at a dangerous speed and became frightened but said nothing. The court said that plaintiff had no physical control of the car and no authority to direct its operation and could not be held guilty of contributory negligence as a matter of law.

We are of opinion that whether the plaintiffs were chargeable with contributory negligence was a question for the jury and not for the court.

Judgments affirmed.