# BRITTA AND GEORGE J. TRUSO v. EDWIN J. EHNERT.[1]

April 19, 1929.

Nos. 27,164, 27,165.

*L. K. Eaton,* for appellant.
*Humphrey Barton, E. C. Mogren* and *F. H. Timm,* for respondents.

[1]Reported in 225 N. W. 98.

STONE, J.

These actions by wife and husband to recover damages for personal injuries to the former were tried together. After verdicts for plaintiffs, defendant appeals from an order denying his alternative motion for judgment or a new trial.

Plaintiff Britta Truso is a sister of defendant's wife. Defendant is the owner of an automobile, which early in November, 1927, he drove on an extended journey from St. Paul into Wisconsin. The purpose was to visit the parents of Britta Truso and defendant's wife at Rhinelander. The former accompanied the party as defendant's guest, and on the return journey sustained the injuries of which she complains. She rode in the rear seat of defendant's sedan and charges negligence in that, as she avers, he drove his machine at a "very high, dangerous and negligent rate of speed" and caused it "to strike a low place or hole in the public highway" by reason of which plaintiff was thrown upward and back in the car in such violent fashion that her face and head were thrown against the top, her face cut and her neck and back badly wrenched. There is no question but that Mrs. Truso was injured and no claim that the jury overestimated the amount of the resulting damage.

There is a claim for the defense that plaintiff Britta Truso and defendant were engaged in a common enterprise. The object of their visit to Wisconsin was mutual, but that is not enough to put the journey into the category of joint enterprise. They were not jointly operating or controlling the automobile. In its management Mrs. Truso had no voice. Hence the enterprise was not joint. Kokesh v. Price, 136 Minn. 304, 310, 161 N. W. 715, 23 A. L. R. 643. As there stated, the test is whether plaintiff and defendant were "in joint control of the instrumentality that caused the injury, that is  *.  *  *  were they jointly operating or controlling the movements of this automobile at the time of the collision?" In contrast is Boyd v. Close, 82 Colo. 150, 257 P. 1079, where two boys who shared the duty of driving an automobile in going to and from a dance were held to be engaged in a joint enterprise. See also 4 Wd. & Phr. (3 ser.) 593.

■ Counsel for defendant may be right in his attitude that the numerous cases now arising wherein a guest in an automobile, frequently closely related to the driver, sues him for damages because of his alleged negligence but more because of his insurance, call for some new law. It may be that as a practical matter the most important fact in the case is that the defendant is insured. But the need for new law is matter for the legislature. The courts can only apply existing law, adapting it to new situations as they arise. So we cannot absolve the driver of an automobile from the old duty of due care for the protection of those who intrust their safety to his management of his automobile. The mere circumstance of family ties or the relationship of guest and host do not put a case beyond the operation of that duty. Moreover, such cases do not go far in analogy to that of a guest upon the premises rather than the vehicle of the host. It has been suggested that whether or not the existing standards of liability as "between licensor and licensee are applicable" to the management of an automobile, they are plainly so to its condition. If that be so, the conclusion follows that the guest accepts the vehicle as well as the premises of his host as he finds them, "subject only to the limitation that the licensor must not set a trap or be guilty of active negligence" contributing to the injury. O'Shea v. Lavoy, 175 Wis. 456, 462, 185 N. W. 525, 20 A. L. R. 1008.

That problem is not now presented. Here, if there was negligence, it was not in the condition of the car but in the manner of its operation by defendant. It was a stormy afternoon. There was rain and sleet which accumulated on the windshield and interfered with the driver's vision. He was driving a light car over a rough road. Water-filled depressions or "chuck holes" were frequent. He was driving, on his own admission, about 35 miles an hour. He struck one hole deeper than the rest so violently as to injure plaintiff Britta Truso. The evidence easily made it a question for the jury whether on such a road and under such conditions defendant's driving measured up to the standards of due care.

3. Because plaintiff Britta Truso did not perceive danger, make protest, or urge defendant to slacken his speed and drive more carefully, there is a claim of contributory negligence. It is not for us to say that it was negligent for Mrs. Truso not to apprehend danger and not to protest against the manner of defendant's driving. That was a question peculiarly within the province of the jury. Stenstrom v. Blooston, 177 Minn. 95, 224 N. W. 462.

The foregoing covers generally but sufficiently all the questions presented by the assignments of error save one that denies the adequacy of the complaints to state a cause of action. As against an objection made for the first time at the trial, a pleading is to be liberally construed. So interpreted, the complaints plainly state causes of action.

Order affirmed.