## ALTA BERLIN v. BLANCHE KOBLAS.[1]

April 24, 1931.

No. 28,394.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*C. E. Purdy* and *Oscar G. Haugland,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff while riding in the automobile of the defendant driven by her. The court directed a verdict for the defendant. Upon reconsideration it granted the plaintiff's motion for a new trial on the ground of error. The defendant appeals.

■ The plaintiff and the defendant left Minneapolis in the afternoon of June 25, 1929, in the defendant's auto on a vacation trip to the Black Hills, South Dakota. A few miles beyond Iroquois,

[1]Reported in 236 N. W. 307.

South Dakota, the auto glided to the side of the road, overturned two or three times, and the plaintiff was injured.

By the statute of South Dakota it is forbidden to drive an auto at a speed greater than is reasonable and proper, having due regard for the traffic, surface, and width of the highway and other conditions, or at such speed as to endanger life, liberty, and property; and it is prima facie unlawful, subject to conditions not applicable here, to exceed 40 miles an hour. Comp. L. South Dakota, 1929, § 8636-G, §§ 4(a, b), 8(c). This statute is much the same as the uniform highway law embodied in 1 Mason, 1927, § 2720-4. The speed limit is for the benefit of all who may be injured by its nonobservance. Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434. The evidence is that the defendant was driving in excess of 50 miles per hour on a graveled road. The plaintiff remonstrated. It may be inferred that there was loose gravel and perhaps some holes in the road, although the evidence as to the condition at the precise place of the accident is necessarily indefinite. The evidence sustains a finding of negligence in the defendant. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4167e. It is urged that there is a failure of proof that fast driving was the proximate cause of the accident. It is quite sufficient—almost compelling under the conditions shown. Truso v. Ehnert, 177 Minn. 249, 225 N. W. 98; Murray v. Yellow Cab Co. 180 Wis. 314, 318, 192 N. W. 1021; Irwin v. McDougal, 217 Mo. App. 645, 274 S. W. 923; Cameron v. Miller, 43 S. D. 429, 180 N. W. 71; 42 C. J. p. 1244, § 1056bb. Johnson v. Bosch, 178 Minn. 363, 227 N. W. 181, is quite different.

The plaintiff and the defendant had been friends for many years. Both were engaged in public health service in Minneapolis. They decided to go to the Black Hills on a vacation trip and started in the afternoon of June 25, 1929. They took the defendant's auto. The understanding might be found to be that they were to divide the expense of oil and gas. Both knew how to drive. They had been on trips before. On this occasion sometimes one drove and sometimes the other. The plaintiff was the more experienced driver.

The plaintiff claims that she was guest and the defendant host.

The defendant claims that she and the plaintiff were engaged in a joint enterprise. It matters not which. If the relationship was that of guest and host, the defendant was liable for her personal negligence. Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 891; Jones v. Schreiber, 166 Minn. 177, 207 N. W. 322; Amon v. Nehr, 176 Minn. 410, 223 N. W. 456; Stenstrom v. Blooston, 177 Minn. 95, 224 N. W. 462; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 6975a, 7038. If they were engaged in a joint enterprise, a question which we find it unnecessary to decide and upon which we give no opinion, and the defendant was personally negligent in the operation of the car, the result is the same. O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A. L. R. 436; Johnson v. Hetrick, 300 Pa. 225, 150 A. 477; Wilmes v. Fournier, 111 Misc. 9, 180 N. Y. S. 860; Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785. The rule was applied to what was called a partnership relation though in the nature of a joint venture in the purchase of produce and the division of profits in Bohrer v. Drake, 33 Minn. 408, 23 N. W. 840. Confusion arises through a failure to distinguish between the liability of all engaged in a joint enterprise for a wrong done to a third person by one of them, where the liability rests upon the ground of representation of all by one, and the liability of one for his negligence resulting in injury to those concerned with him in the joint enterprise. The distinction is stated in O'Brien v. Woldson, 149 Wash. 192, 194, 270 P. 304, 305:

"When the action is against a third person, each member of the joint enterprise is a representative of the other and the acts of one are the acts of all if they be within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person."

In Bushnell v. Bushnell, 103 Conn. 583, 588, 131 A. 432, 434, 44 A. L. R. 785, the same principle is expressed as follows:

"He who in the process of a joint enterprise is engaged in operating a vehicle represents in so doing all who are associated with him in that enterprise, and if he is negligent, any one of them may look to him for damages upon the same basis as that upon which a principal holds an agent liable for his negligent conduct."

In 45 C. J. p. 1020, § 574, the doctrine is stated as follows:

"The doctrine of joint enterprise is peculiar to contributory negligence and has no application to actions brought by one joint adventurer against another to recover for injuries due to the latter's negligence."

There is further confusion where it is held that there was no joint enterprise, and in discussion the rule is stated or implied to be that if the enterprise were joint there could not be a recovery by one of the joint adventurers against the other through negligence. There are cases of such kind in this court. We need not cite them. They do not meet the question whether the enterprise being joint one of the parties to it can recover for the personal negligence of the other; it is not involved in them.

There are cases to the contrary of the doctrine we adopt. Frisorger v. Shepse, 251 Mich. 121, 230 N. W. 926; Lawrason v. Richard, 16 La. App. 434, 129 So. 250. They proceed upon the theory that the joint adventurers are so identified in the pursuit of their common enterprise that as between themselves the act of one is the act of all, or each is the agent of all, or that his act is the act of the others; and so it cannot be intended that one has a right against another for such other's negligence. These cases do not apply the general rule that a person in his contact or relation with others, whether through a contract or independently of one, is liable if his personal negligence results in an injury. One must use ordinary care in his personal conduct so as not to injure another, whatever their relation. This is his duty. Thus in Griffiths v. Wolfram, 22 Minn. 185, it was held that where several persons are engaged in

the same work each owes to the others the duty of exercising care and is liable for an injury occurring by his negligence. The rule was applied in Brower v. N. P. Ry. Co. 109 Minn. 385, 387, 124 N. W. 10, 25 L.R.A.(N.S.) 354, to an injury to a fireman through the personal negligence of the engineer, and the liability was said to rest "upon the common-law obligation to so conduct himself as not to cause injury to another, and does not rest upon any duty imposed by privity of contract." There are many cases. 4 Dunnell, Minn. Dig. (2 ed.) § 6975. The rule is the general one.

Our holding is that whether the relationship is host and guest or that which exists between joint adventurers in a common enterprise, the driver of an auto is liable for his negligence resulting in an injury to one riding with him.

Order affirmed.