CARL A. ANDERSON v. ANTON L. ANDERSON AND ANOTHER.[1]

April 13, 1933.

No. 29,365.

[1]Reported in 248 N. W. 35.

*Bailey & Voorhees, Roswell Bottum,* and *Farmer & Tighe,* for appellants.

*Albert Running,* for respondent.

DIBELL, JUSTICE.

Action by the plaintiff, as administrator of the estate of Hilma I. Anderson, his wife, against Anton L. Anderson and Tresse Anderson, his wife, defendants, for damages alleged to have resulted from the negligence of the defendants in the operation of an automobile in which the decedent was riding as their guest. There was a verdict for $7,500 for the plaintiff. The defendants appeal from an

order denying their alternative motion for judgment notwithstanding the verdict or a new trial.

■ About 9:30 in the morning of August 11, 1930, the defendants, the decedent, a daughter of the decedent, and two children of the defendants started from the decedent's home at St. James, Minnesota, in an automobile for the home of the defendants at Oldham, South Dakota, a distance of 190 miles by the route taken. The decedent was the mother of the defendant Anton L. Anderson, and Tresse Anderson is his wife. She did the driving, except for a short distance, and was driving at the time of the accident which resulted in an injury to the decedent. The left arm of Anderson was in a sling on account of an injury to his hand. He occupied the right side of the front seat. A three-year old child of the defendants occupied the front seat with them. He was sitting in his mother's lap at the time of the accident.

The accident occurred about 3:30 in the afternoon four and one-half miles east of Oldham. The defendants were driving something like 40 miles per hour. The jury could have found that the speed was somewhat greater. The road was graveled and was 20 feet wide. Gravel had piled up or ridged on each side of the road, and there was some sod in it. The ridge was about two feet in from the north edge of the road and two and one-half or three feet north of the south side of the road. All this made the road difficult for fast driving.

At the time of the accident there was a blow-out. The inner tube of the left rear tire had been patched, and a blow-out patch was placed on the inside of the casing. The tire which blew out was a five-ply tire and had been driven 15,000 or 16,000 miles. When the accident became imminent the defendant Tresse Anderson, who was driving, became excited, did not control the car, and as it went to the side and into the ditch she let go of the wheel and cared for her child. Defendant Anton L. Anderson endeavored to control the auto with his right hand but was unable to accomplish anything. The car tipped over into the ditch. The decedent was between the front and rear seats lying on her right side as the car lay on its side.

By 2 Comp. L. South Dakota, 1929, § 8636-G(a), it is provided:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person."

Subject to the provisions of subd. (a), it is made prima facie lawful for the driver of a vehicle, except where a lower speed is specified, to drive at a speed of 40 miles an hour [see § 8636-G(b)]. The South Dakota statute is substantially our uniform highway law, embodied in 1 Mason, 1927, § 2720-4(a), and (b) (8), as amended by L. 1929, p. 153, c. 158, § 1, Mason, 1931 Supp. § 2720-4, except that the operation of a car at a speed in excess of 45 miles per hour. is prima facie evidence of unreasonable speed. The South Dakota statute was involved in Berlin v. Koblas, 183 Minn. 278, 236 N. W. 307, where it was held that the speed limit was for the benefit of all who might be injured by a nonobservance of it, following Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434.

Considering the condition of the road, the condition of the automobile, the act of the driver, and the speed, there is no necessity of entering into a discussion whether there was negligence on the part of the defendants. It was for the jury. Berlin v. Koblas, 183 Minn. 278, 236 N. W. 307; Truso v. Ehnert, 177 Minn. 249, 225 N. W. 98; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4167e, and cases cited. The question is not controlled in favor of the defendants by Johnson v. Bosch, 178 Minn. 363, 227 N. W. 181. The finding of negligence was justified.

■ After the accident the decedent was found lying between the front and rear seats on her right side as the car lay on its side. The doctor arrived from Oldham about four o'clock. The decedent was then unconscious. She was suffering from shock. She had an injury to her neck, and there is evidence that there was a concussion of the spinal cord. There were some abrasions of the body. She was taken to the hospital at Madison, South Dakota, at once.

She was taken from the hospital to her son's home at Oldham on August 16, 1930, and remained there until August 25, 1930, when she was taken to her home in St. James. She complained from time to time of pains in her right side. She had a bad case of pleurisy. She died from lobar pneumonia of the right lung on October 2, 1930, 52 days after she was injured. From the time she reached the hospital until the time of her death she was in bed substantially all the time. She sat up a few times for a few days. She was 52 years old. She was the mother of ten children. It is substantially true that she had never been sick prior to the accident. She was never well afterwards. The physician who attended her after she returned to her home at St. James, and who had been the family physician of the Andersons, testified:

"It is my opinion that the injury and the shock and the exposure especially during the shock predisposed to her sickness and was the cause of her sickness in her lungs and pleura."

Again he testified:

"As to the proximate cause, it was the injury, shock, and exposure caused by the automobile accident; as to the immediate cause, it was lobar pneumonia."

On cross-examination he testified:

"It is my theory that Mrs. Anderson received an injury to her neck which caused shock and injury in the cervical region and some numbness in her arms, and that because of that she was weakened to such an extent that she was more susceptible to the germ which would cause pleurisy, and that because she was weakened she possibly became more susceptible to the germ which caused pneumonia."

On cross-examination, when queried as to whether his opinion was not speculation on his part, he said:

"There was a definite history of injury and shock and exposure and a perfect sequence between all those things and the development of the pleurisy and the lung condition; and I believe that I

am correct in my opinion that in 'this instance the pleurisy and the lung condition are connected with the injury."

And on further cross-examination, as to his opinion as to the injury's causing the pleurisy and as to whether it was not guess-work, he said:

"No, it is not a guess. It is an opinion based on the history of the case from the moment she was injured, in fact, from years before, until the moment she was injured and the moment she died. There was a perfect sequence of events between those two periods, the moment she was injured and the moment she died."

There was other medical testimony corroborating this view. There was medical testimony to the contrary. Whether the injury was the proximate cause of the death was for the jury. See Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; State v. James, 123 Minn. 487, 144 N. W. 216; Turner v. Minneapolis St. Ry. Co. 140 Minn. 248, 167 N. W. 1041; Hamilton v. Vare, 184 Minn. 580, 239 N. W. 659; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6999, et seq. and cases cited. The case of Mageau v. G. N. Ry. Co. 106 Minn. 375, 119 N. W. 200, is not of special importance upon the facts before us.

■ The decedent was in the position of guest. The claim that she was guilty of contributory negligence as a matter of law is not one requiring attention. Jones v. Schreiber, 166 Minn. 177, 207 N. W. 322; Stenstrom v. Blooston, 177 Minn. 95, 224 N. W. 462; Truso v. Ehnert, 177 Minn. 249, 225 N. W. 98; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7033, and cases cited. A special verdict finding that she was contributorily negligent hardly would be sustainable.

■ The claim of the defendants is that since the defendant Anton L. Anderson, the decedent's son, is a beneficiary and the negligent cause of the accident, the verdict cannot be sustained. The South Dakota statute is substantially the same as ours except that the limit of recovery is $10,000 there and $7,500 with us. It may be conceded that a recovery for Anton L. Anderson's benefit could not be had. In fact the complaint does not ask it. It states the names of the husband and the ten children, including Anton, and

says that the action is brought for the benefit of all those named, "with the exception of said Anton L. Anderson, who is one of the defendants in this action." That the action could not be maintained successfully for the benefit of Anton does not prevent a recovery for the benefit of the others. Nothing was said in the charge about excluding or specifically about including Anton. The parties were content that no further reference be made to the matter other than the statement in the complaint that the recovery sought was for all except Anton L. Anderson.

The recovery in an action for death by wrongful act is not for the benefit of the estate but for the benefit of the surviving spouse and next of kin. It has been assumed that the negligence of the sole beneficiary would be a bar. Mattson v. M. & N. W. R. Co. 98 Minn. 296, 108 N. W. 517; Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183. It has been held that one beneficiary cannot prejudice the rights of another by making a settlement. McVeigh v. M. & R. R. Ry. Co. 110 Minn. 184, 124 N. W. 971. And where only one of several beneficiaries is negligent his negligence is not a bar to all recovery, and there may be an apportionment or bar to the extent of his interest. Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643.

■ The defendants did not ask for a reduction or apportionment because of the negligence of the beneficiary defendant or in any way object to the submission of the right of recovery. They cannot now complain of the general verdict for the administrator. Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643.

■ The verdict was not excessive so as to require a holding that it was the result of passion and prejudice.

The deceased was 52 years of age. She had ten children. The youngest was nine, the next youngest 12, the next 15, the next 17, and the others had reached years of maturity. The special damages incurred were $558. Mrs. Anderson did her own work, attended strictly to her household duties and the needs of her family, belonged to no clubs, and engaged in no activities except that she was a member of the Red Cross and devoted some of her time to the societies of her church and to church activities.

The verdict might have been several thousands less; but it was for the jury. A discussion of our own or other cases is not justified. See 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7157.

We find nothing in the rulings on evidence nor in the charge to the jury calling for comment. The trial was fair.

Order affirmed.