### LOUISE HARDGROVE v. HAROLD O. BADE.[1]

January 19, 1934.

No. 29,763.

[1]Reported in 252 N. W. 334.

*Merriam & Wright,* for appellant.
*Barry & Schmitt,* for respondent.

*HILTON, Justice.*

Suit to recover for personal injuries sustained by plaintiff while riding as gratuitous guest in a two-door Ford automobile owned and driven by defendant. She had a verdict for $800. The appeal is from an order denying an alternative motion for judgment notwithstanding the verdict or a new trial.

In the early evening of September 4, 1931, plaintiff and defendant, close friends, left Minneapolis to visit plaintiff's married sister in Bismarck, North Dakota. Bismarck is about 430 miles from Minneapolis. The intention was to continue the trip without making any stops other than brief ones for gasolene, oil, and food. Such stops were made at Little Falls and Detroit Lakes, Minnesota, and at Fargo and Valley City, North Dakota. When 15 miles beyond Jamestown, North Dakota, at about 5:00 a. m. September 5, while on a detour road, defendant fell asleep at the steering wheel and the car plunged into a ditch. Jamestown is approximately 100 miles east of Bismarck. Plaintiff, who rode with defendant in the front seat, was thrown against the windshield and received injuries to her back, head, and nose. Upon arriving at Bismarck her injuries were examined by a doctor and her nose treated and bandaged. After her return to Minneapolis she was treated for her injuries by four doctors.

On three different occasions during the journey plaintiff, who was accustomed to driving a car, requested defendant to permit her to do so if he was tired and unable to drive. Defendant refused each time and assured her that he was capable of driving and needed no assistance. Defendant admitted that while at Fargo he

was getting tired and sleepy and that although plaintiff then requested that she be allowed to drive he refused to let her do so. Shortly before the accident occurred plaintiff again suggested that she be permitted to drive, but was again assured by defendant that he was all right, and, at his suggestion, she closed her eyes but did not know whether she went to sleep or not.

■ As the accident occurred in North Dakota the law of that state (L. 1931, c. 184) must govern. It is therein provided that a guest in an automobile cannot recover damages for injuries unless the same proximately resulted "from the intoxication, wilful misconduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle." Comp. Laws N. D. 1913, § 7281, further provides:

"Slight care or diligence is such as persons of ordinary prudence usually exercise about their own affairs of slight importance."

Section 7283 provides:

"* * * gross negligence" consists "in the want of slight care and diligence."

Defendant was not intoxicated, nor is it claimed that he was guilty of wilful misconduct. The question here is whether defendant was guilty of gross negligence within the meaning of the North Dakota statute.

The trial court submitted that question and also that of plaintiff's contributory negligence to the jury. Defendant insists that those questions were not ones of fact for the jury but should have been determined by the court as matters of law, citing as authority for his first contention Schwager v. Anderson, 63 N. D. 579, 590, 249 N. W. 305, 309, in which the court held the question there presented was one of law. An examination of that decision presents an entirely different situation from the one here involved. The court there stated:

"In the instant case the defendant was driving in the country on a well graded graveled highway and when he was about ten rods behind the truck he blew his horn and started to pass the

truck. If the truck had remained in the position it was when he first blew the horn he would have had room to pass, but just as he got near the truck it turned into the road and the defendant said he still thought he had room to go by. This was an error of judgment, as in the case of Ascher v. Friedman, Inc. [110 Conn. 1, 147 A. 263], supra, and like that case, a typical case of negligence, the failure to exercise the care of a reasonably prudent person, for which there can be no recovery by a guest. Under the case of Bolton v. Wells [58 N. Dak. 286, 225 N. W. 791], supra, and the other cases mentioned, the plaintiff would be entitled to recover, but the law as announced in those cases has been changed by chapter 184, Session Laws, 1931. The case was, at most, only a cause of ordinary negligence, and the motion for judgment notwithstanding the verdict should have been granted."

The lack of gross negligence on the part of the driver was so obvious that the court determined it as a matter of law. The facts in the instant case are certainly not such as to require a holding of lack of gross negligence as a matter of law. Whether under the circumstances defendant was guilty of gross negligence in permitting himself to fall asleep was an issue properly submitted to the jury. In Blood v. Adams, 269 Mass. 480, 482, 169 N. E. 412, 413, the court said:

"In the above stated circumstances it is indisputable that the defendant was negligent. In the exercise of ordinary care an operator of an automobile must be able to anticipate what is coming, to see what is present and to remember what is past. Voluntarily to drive an automobile on a public street at any time of the day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase."

In the foregoing opinion the court cited Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785, a well considered and

instructive opinion written by Maltbie, Justice (now chief justice) in which is discussed the relation of sleep to the doctrines of negligence. See also Devlin v. Morse, 254 Mich. 113, 235 N. W. 812; Manser v. Eder, 263 Mich. 107, 248 N. W. 563; 18 Minn. L. Rev. 218.

■ The question of plaintiff's contributory negligence was also one for the jury's determination. Contributory negligence is a want of ordinary or reasonable care on the part of a person injured by the negligence of another directly contributing to the injury, as a proximate cause thereof, without which the injury would not have occurred. The test of ordinary or reasonable care is the degree of care which persons of ordinary prudence usually exercise under similar circumstances. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 6970, 7012. The evidence was sufficient to warrant the jury in absolving plaintiff from the charge of contributory negligence. See McAndrews v. Leonard, 99 Vt. 512, 134 A. 710; Chesapeake & P. Tel. Co. v. Merriken, 147 Md. 572, 128 A. 277, 41 A. L. R. 763; Nelson v. Nygren, 259 N. Y. 71, 181 N. E. 52; Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785; Schmidt v. Leuthener, 199 Wis. 567, 227 N. W. 17; Stenstrom v. Blooston, 177 Minn. 95, 224 N. W. 462; Truso v. Ehnert, 177 Minn. 249, 225 N. W. 98; 17 Minn. L. Rev. 222.

■ We have examined the assignments of error relative to the admission of evidence over objection and find no ground for reversal therein.

Affirmed.