NELSON vs. THE COMMERCIAL BANK.

Where the head of a family as such secured a homestead for his minor children named and described in the application, then married and had another child, his wife and his child by her became members of the same family of which he was head when the homestead was taken; and that family was not dissolved nor the homestead right terminated when the children for whose benefit the homestead was originally secured, attained majority and withdrew

from the family. The homestead continued to exist by operation of law, with the wife and her child as beneficiaries.

November 10, 1887.

Homestead. Husband and wife. Debtor and creditor. Before Judge RONEY. Richmond superior court. April term, 1887.

Reported in the decision.

M. P. CARROLL and CHAS. P. PRESSLY, for plaintiff in error.

WM. H. FLEMING, contra.

BLECKLEY, Chief Justice.

The homestead was levied upon in 1887 by virtue of a judgment rendered in 1886. The debt was probably contracted since the constitution of 1877 was adopted, but this does not appear with certainty. The homestead was secured in 1871 under the constitution of 1868, and was up to the full value of $2,000, besides personalty. The application specified three children, but no wife. The youngest child became of age in 1886, but before that time, to-wit, in 1881, the father married. A child was born of this marriage, whether before or after 1886 is not certain. The homestead was continuously occupied from the time it was secured up to the making of the levy. The court below held it subject to sale under the levy. We think this holding was erroneous.

As the earth is for the use of the family of man, with its membership by marriage and by birth constantly changing, so is the homestead for the use of the family to whose head it is set apart, no matter what changes may occur in the membership thereof, provided there be at all times one or more persons of the class recognized by law as proper beneficiaries. Exemption or homestead may be waived or renounced, but the right to increase the family,

whether by marriage or birth, is not the subject-matter of waiver. When there is no wife at the time the homestead is applied for and secured, no person extending credit afterwards has any right to assume that there will not be one in the future. Increase of the family by marriage is as much to be anticipated in such a case, as increase by birth in other cases. After a homestead has been set apart, whether under the constitution of 1868 or that of 1877, it is withdrawn from trade and business as a basis of credit. No creditor has a right to contract with the head of the family on the faith of that homestead, unless it be for the benefit of the homestead interest, and then the property is made subject by the constitution and the law to pay the debt. The creditor, therefore, is not disappointed by the marriage of the homestead occupant, or by the birth of another child in his family. It is no injury to him for the marriage to take place, or for a birth to occur; but it would be a great injury to the wife who comes into the family with a homestead secured, to be turned out of it by a creditor who had no right to trust to it when the debt was contracted. All that a man has to do after securing homestead as the head of a family, is to keep on being the head of a family without break or interval.

The head-note completes the opinion.

Judgment reversed.