Dismuke *vs.* Eady & Company.

Dismuke *vs.* Eady & Company.

80  289
107  70

Where, in 1870, a father of minor children obtained a homestead in certain lands, and subsequently, during the minority of the children, he remarried, his wife, by virtue of her marriage, became a beneficiary of the homestead, and it did not terminate upon the arrival of the children at majority, and was not subject to the debt of creditors of the husband to whom he and his wife conveyed the land, with the approval of the ordinary, to secure such indebtedness

February 13, 1888.

Homestead. Husband and wife. Before Judge WILLIS. Harris superior court. April term, 1887.

Reported in the decision.

C. J. THORNTON and L. L. STANFORD, for plaintiff in error.

J. M. MOBLEY, WILLIS & PERSONS and B. L. HARRIS, *contra.*

BLANDFORD, Justice.

An execution in favor of Eady & Co. against Dismuke was levied on certain land as the property of Dismuke. Dismuke, as the head of a family, interposed a claim to the same as homestead property. The property levied on was found subject. Dismuke moved for a new trial, which was refused; whereupon he excepted.

It appears from the record that in 1870, Dismuke, as the

head of a family of minor children, applied to the ordinary of Harris county to have set apart to him a homestead in the land levied upon in this case; upon which land they were then residing.    From the papers themselves, it appears that the ordinary had jurisdiction, and that all the necessary allegations were made.    When this homestead was set apart, Dismuke was unmarried; but after the granting of the homestead, and before the children had come of age, he intermarried with Cornelia O. Dismuke.    Afterwards, he and his wife executed to Eady & Co. a deed to a part of the land embraced in the homestead, to secure Eady & Co. for a debt which he owed them. This deed was approved by the ordinary of Harris county.

The judge in the court below seemed to attach no importance to this homestead, taken out in 1870.    And Dismuke himself doubtless thought it had terminated by the coming of age of the children; for in 1886, he applied for another homestead.    The court below held that the deed conveyed the title, and that the land was subject.    In this we think the court erred.    We think that the homestead of 1870 was a good and valid homestead; and that homestead not having expired before Dismuke's marriage to his present wife, she, by virtue of her marriage, became a beneficiary and the family continued; and there was, therefore, no expiration of the homestead.    The homestead continued, and was in full force and operation at the time Dismuke and his wife executed this deed to secure the debt he owed to Eady & Co.*    Under these circumstances, we think the verdict of the jury finding the property subject was contrary to law and to the evidence; and that the court below should have granted a new trial.

The judgment is therefore reversed.

* May 1, 1875.    This suit was brought March 19, 1881; levy was made July 11, 1885.    (Rep.)