## HILLIARD *et al. v.* HILLIARD.

1. A child formally adopted under the Civil Code, § 2497, by a person who was the head of a family became a beneficiary of an existing homestead estate which had been set apart to the adopter under the constitution of 1868.

2. Where, after a child in the manner just indicated had become a beneficiary of a homestead estate, the head of the family died, and the homestead estate terminated as to the other beneficiaries, but not as to this child, she was entitled to possession of the homestead estate.

3. In view of the entire petition, as amended, the objections raised by demurrer to certain paragraphs of the petition were without merit.

4. There was no error in overruling the demurrer.

SEPTEMBER 26, 1910.

Complaint for land.    Before Judge Meadow.    Hart superior court.    May 28, 1909.

Lydia Hilliard, a minor, by next friend, brought suit against A. D. Hilliard, J. M. Cannon Sr., G. W. Grizzle, O. C. Madden, F. A. Weaver, R. C. Madden, and L. T. Welden, for recovery of possession of certain land and the value of its rents. The petition, as amended, in substance alleged, that the defendants were claiming the land under a purchaser at a sheriff's sale, held on the first Tuesday in May, 1900, where the property was sold as the property of W. A. Hilliard; that under the constitution of 1868 the land had been set apart as a homestead to William A. Hilliard as the head of a family, and was so held when, at the March term, 1890, of Hart superior court, the plaintiff, being a child, was formally adopted by W. A. Hilliard and given his name; that thereupon she became a member of the family of W. A. Hilliard and a cobeneficiary of the homestead estate, the other members of the family being his wife and minor son; that William A. Hilliard is dead, and the plaintiff is the only beneficiary of the homestead estate, and as such is entitled to possession of the land and the rents therefrom; that the executions under which the land was sold were based upon debts contracted after the land had been set apart as a homestead, for which the homestead property was not subject, and the sale was void.    Paragraphs 3 and 4 were as follows:  3rd.  "That petitioner is a female under the age of twenty-one years, and as the adopted child of the said Wm. A. Hilliard is a beneficiary of said homestead and entitled to possession of said tract of land and to the rents and profits thereof. 4th.    That said defendants, or those under whom they claim, have

been in possession of said tract of land since the 5th day of May, 1900, and receiving the rents and profits thereof, going into possession under some pretended, illegal, and void claim." The defendants demurred to the petition as a whole, on the grounds that it failed to show that the plaintiff was a member of W. A. Hilliard's family at the time the homestead was set apart, and that the petition failed to set forth a cause of action against the defendants, or either of them. They demurred to paragraph three, on the ground that the facts set forth did not make the plaintiff a beneficiary of the homestead; and to paragraph four, on the grounds that it did not allege sufficient facts to put the defendants on notice wherein their possession of the land was illegal, and under what void claims they took possession of the land, and that the language used in the paragraph was a mere conclusion of the .pleader. The court overruled the demurrer, and the defendants excepted.

*James H. Skelton, Joseph N. Worley,* and *A. G. & Julian Mc-Curry,* for plaintiffs in error.

*T. G. Dorough* and *Samuel B. Swilling,* contra.

ATKINSON, J. 1. The homestead was set apart under art. 7 of the constitution of 1868 (Code of 1873, § 5135), which, among other things, declared that "Each head of a family, or guardian or trustee of a family of minor children, shall be entitled to a homestead" of realty and personalty, and that it shall be the duty of the General Assembly to provide by law for the setting apart and valuation of the property, and to enact laws for the full and complete "protection and security of the same to the sole use and benefit of said families as aforesaid." This put the beneficial use in the family. The case of *Dismuke* v. *Eady & Co.,* 80 *Ga.* 289 (5 S. E. 494), involved a homestead set apart under the constitution of 1868, and it was held: "Where, in 1870, a father of minor children obtained a homestead in certain lands, and subsequently, during the minority of the children, he remarried, his wife, by .virtue of her marriage, became a beneficiary of the homestead, and it did not terminate upon the arrival of the children at majority, and was not subject to the debts of creditors of the homestead to whom he and his wife conveyed the land, with the approval of the ordinary, to secure such indebtedness." The case of *Nelson* v. *Commercial Bank,* 80 *Ga.* 328 (9 S. E. 1075), also

involved a homestead set apart under the constitution of 1868; and it was there held: "Where the head of a family as such secured a homestead for his minor children named and described in the application, then married and had another child, his wife and his child by her became members of the same family of which he was head when the homestead was taken; and that family was not dissolved nor the homestead right terminated when the children, for whose benefit the homestead was originally secured, attained majority and withdrew from the family. The homestead continued to exist by operation of law, with the wife and her child as beneficiaries." See also *Barfield* v. *Barfield*, 72 *Ga.* 668. Under these authorities the second wife and afterborn children were held to be beneficiaries of existing homestead estates only on the ground that they lawfully became members of the family. A child adopted under the Civil Code, § 2497, would lawfully come into the family of the person adopting it *(Pace* v. *Klink*, 51 *Ga.* 220), and for the same reason as a second wife or afterborn children would become a beneficiary of an existing homestead estate set apart and being enjoyed by the family. See, on the general subject, cases cited in 15 Am. & Eng. Enc. Law, 540-41.

2-4. The rulings announced in the remaining headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*