## LILLIAN L. NAHAN v. R. F. STEVENSON.[1]

January 9, 1931.

No. 28,192.

*Henry H. Sullivan,* for appellant.
*R. B. Brower,* for respondent.

STONE, J.

In this action for death by wrongful act, plaintiff, executrix of the deceased, had a verdict for $5,000. Defendant appeals from an order denying his alternative motion for judgment notwithstanding or a new trial.

Michael Nahan was fatally injured by an automobile belonging to defendant August 24, 1929. The sole question now is whether the $5,000 verdict was excessive to such an extent as to require a new trial. The liability of defendant is settled by the verdict.

At the time of his death Mr. Nahan was 76 years old but in sound health. Since 1926 he had been a widower. His maiden daughters, Mary aged 38 and Lillian aged 31, are the only beneficiaries of his estate and the damages to be recovered in this action. Since 1925 Mr. Nahan had engaged in no gainful occupation. He owned the family home in St. Cloud. There he and his two daughters had continued to reside since the death of the mother in 1926. A fair monthly rent of the place would be $35. On the two lots comprised in the residence property Mr. Nahan maintained a garden from

[1]Reported in 234 N. W. 297.

which he produced vegetables for household use. He did some of the family marketing and his share of work about the house, such as keeping the fires going when needed. He had no other activities. In addition to the home he had some $1,300 of money loaned, the annual income from which did not exceed $78. Of that, upwards of $40 went for taxes on the home. He had also an allowed claim against a defunct bank, the value of which does not appear.

One of the daughters, Lillian, had for some time been employed as a stenographer and clerk at a monthly wage of $138. The other sister also was a stenographer but for some 18 months before her father's death had remained at home doing the house work. Lillian Nahan made monthly contributions to family expense averaging $40. Mary's important part was her work as cook and house-keeper.

Loath as we are to interfere with a verdict in such a case, we are constrained to say that one for $5,000 is much more than the evidence justifies. Mr. Nahan was one of those numerous and fortunate men who because of virility and clean living remain young in spite of advanced age. Barring casualty, he doubtless would have lived longer than his normal expectancy of seven and one-half years. Nevertheless he had become much more dependent on his daughters than they were on him. They were more his support than he theirs. True, he charged them no rent for the home, but on the other hand they sustained almost the whole burden of its up-keep. Mary furnished the labor and Lillian most of the money. That the father's devotion to his daughters was most admirable, as was theirs to him, does not alter the important fact that he was more dependent on them in a financial way than they on him. He was their care, and that burden must soon have become onerous.

We must resist the persuasion of the exclusively sentimental factors and confine ourselves to those within the limits of pecuniary compensability. Hutchins v. St. P. M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79. The expenses of last illness and funeral were $489.15. Beyond that the proof becomes imponderable. There was of course a real loss. To the surviving daughters it was a heavy one. But

its extent as measured in money must have a limit far short of the deprivation suffered where there has been a real and sometimes exclusive dependency (as there was in Johnson v. C. A. Smith Lbr. Co. 99 Minn. 343, 109 N. W. 810). With that in mind, we consider that the verdict for $5,000 exceeds anything that the evidence clearly justifies by at least $2,000. There is no need for a retrial of any issue other than that of damage, and that, it seems to us, should not be retried if plaintiff will consent to the reduction of the verdict to $3,000. If that seems too low to plaintiff she may have a new trial. In ordering such a conditional reduction we must put it low enough to protect the defendant, for he has no option.

The case will be remanded with directions to grant defendant a new trial of the issue of damage, unless within 15 days from the going down of the remittitur plaintiff files with the clerk of the district court her written consent to a reduction of the verdict to $3,000.

So ordered.