ELEANOR WIESTER v. CHARLES H. KAUFER.[1]

March 3, 1933.

No. 29,196.

[1]Reported in 247 N. W. 237.

*Barrows, Stewart, Jackson & Junkin* and *Oscar J. Berg,* for appellant.

*Robert J. McDonald,* for respondent.

OLSEN, JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment or a new trial.

The action is brought by plaintiff as special administratrix of the estate of W. W. Johnson to recover damages for his death, claimed to have been caused by negligence on the part of the defendant in operating his automobile.

■ Defendant contends that the evidence is insufficient to sustain the finding by the jury that defendant was negligent, and claims that the evidence conclusively shows that the deceased was guilty of contributory negligence. On the evidence here presented the questions of negligence and contributory negligence were questions of fact for the jury. Nothing would be gained by any extended review of the evidence on those issues.

■ The verdict was for $3,750. Decedent was a widower, 66 years of age, in fair health. He left surviving five children, three of them married, and two unmarried daughters, Margaret, age 27, and Dorothy, age 25. During several years before his death decedent was not engaged in any business or occupation. Prior to the death of his wife in April, 1929, decedent, his wife, and the two unmarried daughter lived together in Cleveland, Ohio, and decedent supported the family. In May, 1929, decedent and the two daughters came to St. Paul to visit the oldest daughter, Mrs. Wiester, the plaintiff. Shortly after that they decided to take up their residence here. Decedent then returned to Ohio to straighten his affairs and remained there until November, 1930, when he returned to St. Paul. The two daughters remained with plaintiff during that

time. Decedent contributed $40 to $50 per month to the two daughters during the time he was absent in Ohio and paid a doctor's bill for Dorothy. When he returned here decedent rented an apartment in the building where plaintiff and her husband lived and continued to reside there until his death. The two daughters kept house for him, had their meals with him, and lived there, except that they continued to, sleep in a room in the Wiester apartment. Decedent paid the household expenses, the rent for the apartment, and rent for the room in the Wiester apartment in which the daughters slept. He also paid some dentist bills and insurance premiums for the daughters. The funeral expenses were some $584.60. At the time of the father's death and for some time prior thereto, both daughters were employed in offices, one at a salary of $75 per month and the other at $100 per month. There is evidence that the father owned stock in some paper mills and received dividends and income therefrom and that he had bank accounts in and drew checks on some Ohio banks. The evidence does not disclose what property the decedent owned at the time of his death.

The verdict is challenged as excessive, and on the further ground that, as the decedent was not engaged in any gainful occupation, and the five children would inherit whatever property he owned, there could be no loss to them. We are not prepared to say that children of a parent not engaged in any gainful occupation but who has means or income from which he contributes to them will suffer no pecuniary loss by the death of such parent. That there was some loss of contributions or support, besides the funeral expense, seems apparent. The fact that the five children, only two of whom are shown to have been receiving contributions from the father, are his heirs and inherit whatever property he owned at the time of his death does not, under our statute, prevent recovery. The case of San Antonio & A. P. Ry. Co. v. Long, 87 Tex. 148, 27 S. W. 113, 116, 24 L. R. A. 637, 47 A. S. R. 87, cited by defendant, was decided under the materially different statute of that state, and the court in the opinion in that case recognizes such difference, saying [87 Tex. 156]:

"There would seem to be an important difference between statutes which give the right of action to the next of kin as such, and the statute of this state, which undertakes to confer compensation upon the husband or wife and the children and parents of the deceased only, and which requires that the jury shall determine separately the amount to be recovered by each of the beneficiaries."

The Texas case is not controlling here. Our statute authorizing actions of this kind has been in force for more than 60 years, and actions under it have been before this court a great number of times since the statute was enacted. This is the first time, so far as called to our attention, that it has seriously been urged that, where the decedent was not engaged in any gainful occupation but was contributing to his next of kin from income derived from his property, which property passed to his next of kin by his death, no damages could be recovered for such death. We believe it has been held uniformly that the measure of damages under our statute is the money value to the surviving spouse, if any, and to the next of kin, of the continuance of decedent's life, measured by the money value of what the evidence shows the decedent probably, or with reasonable certainty, would have contributed to them in money, property, or services during the remainder of his life. What the surviving spouse or next of kin inherited from the decedent has not been considered as affecting the amount of the damages. The question was referred to in the briefs in the case of Nahan v. Stevenson, 182 Minn. 269, 234 N. W. 297, but is not mentioned in the opinion. We adhere to the rule of damages long followed by this court. The award of some $3,165, in addition to funeral expenses, may be liberal, but, as approved by the trial court, we do not hold it excessive. The case of Nahan v. Stevenson, 182 Minn. 269, 234 N. W. 297, is somewhat similar as to the facts and tends to sustain the conclusion we have reached.

■ The accident happened while decedent was crossing a street at a street intersection. Defendant requested the court to charge:

"The skidding of a car alone upon a slippery pavement through no fault of the driver is not negligence. Therefore, if you find that

under all the circumstances existing, including the fact that defendant, Kaufer, was traveling upon an arterial highway, the speed of his car was reasonable and proper, and that his inability to stop was due rather to loss of control of the car owing to skidding than failure to apply the brakes in sufficient time to stop under ordinary conditions, your verdict will be for the defendant."

The court did not err in refusing to give the instruction. It seems to assume that defendant was traveling at a reasonable and proper speed and bases his duty as to application of brakes on "ordinary conditions." Conditions were not "ordinary." Defendant well knew that the street was wet and slippery. In that situation he drove into the intersection at a speed which, according to his own admissions, was some 25 miles per hour, and then put on the brakes with sufficient force to lock the wheels.

■ The court gave to the jury the statutory rules as to the duty of drivers of automobiles to yield the right of way to pedestrians crossing street intersections within clearly marked cross-walks or any regular pedestrian crossing within the prolongation of the sidewalk lines, and the duty of pedestrians to yield the right of way to vehicles in crossing streets at other than street intersections. While the evidence is practically conclusive that decedent was on the cross-walk when struck, the court left it to the jury to say whether he was on the cross-walk or to one side thereof. The court did not qualify the statutory rules by saying that if, without fault or negligence on the part of the defendant, he was prevented from obeying the statute by the skidding of his car, then his violation of the statute was excusable. There was no request so to charge, and no exception taken to the charge on that subject as given. Neither does the evidence seem to call for such a qualification. The court fully and fairly submitted to the jury the questions of defendant's negligence and decedent's contributory negligence, and we find no reversible errors.

Order affirmed.