# F. V. HARRIS v. RAYMER HARDWARE COMPANY.[1]

October 20, 1933.

No. 29,496.

P. M. Meehl and Sweet, Johnson & Sands, for appellant.
Hall & Catlin, for respondent.

[1]Reported in 250 N. W. 577.

*HOLT, Justice.*

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is for wrongful death of Julius J. Frahm in a collision between a Ford coupé, owned by defendant and operated by its traveling salesman, and a Chevrolet sedan, driven by Viggo ·Jasperson, Frahm's son-in-law. With Jasperson in the front seat was his wife. In the rear seat was Frahm and his son. The Chevrolet was being driven north on a graveled county road in Lincoln county, and the Ford coupé west on the same sort of a road intersecting the former at right angles about eight miles north of Tyler. The Ford struck the Chevrolet just back of the right front door, shoved it northwesterly some 40 feet, tipping it over on its left side against a telegraph pole. Frahm was almost instantly killed. The collision took place near noon May 31, 1932.'

There are numerous assignments of error, but in the brief defendant's counsel groups them under three propositions: (a) The relation of principal and agent existed between Frahm and Jasperson, the driver of the Chevrolet, on this trip; (b) Jasperson was negligent as a matter of law, and such negligence is imputed to his principal; (c) the verdict is excessive, and in connection therewith misconduct of counsel.

Frahm was a blacksmith. He contemplated opening a shop at Sanborn, Minnesota. He had or was to borrow some blacksmith tools at Moritz, South Dakota, his former home. He had given Jasperson a trailer, which was at Moritz in an unfinished condition. The jury could find that Jasperson had determined to go and get the unfinished trailer and for that purpose started out with his Chevrolet car; that he invited Frahm and his son to go along, the son buying the gasolene needed; that Jasperson then drove to his uncle's place and borrowed a trailer in which to load the trailer Frahm had given him and Frahm's tools; that he then was proceeding to his destination when the collision occurred. Frahm did not own any interest in the Chevrolet car and exercised no control over Jasperson, the owner and driver of the vehicle. The jury could find that Jasperson made the trip for his own purpose and pleasure and

invited Frahm as a guest, knowing that he would also confer a favor upon him by bringing in the tools. The evidence was not such as to compel a finding that on this trip Jasperson was the agent or servant of Frahm. Complaint is made because the court refused to require the jury to return a special verdict upon the question of such agency, but did require the jury to return such verdict on the question of Jasperson's contributory negligence.

The submission of issues upon which the jury is to return special verdicts in actions of this sort rests with the trial court. It was not an abuse of such discretion to submit for a special verdict the issue that was submitted, nor to refuse to submit the one defendant requested. The court charged the jury to determine by the general verdict the issue of Jasperson's agency for Frahm, on this fatal drive, in this language, to which no exception is or can be made:

"I may say to you that if you find that Jasperson was the agent of Julius J. Frahm in the pursuit of the purposes of said intended trip to Moritz at the time of the accident and, if you further find that said Viggo Jasperson was negligent in the matter of the operation of the Jasperson car at and immediately before the happening of the accident and that said negligence of Jasperson proximately contributed to the accident and the death of the said Julius J. Frahm, then said negligence of Jasperson while acting as agent for Frahm is imputed to Julius J. Frahm, and in that case plaintiff cannot recover."

Were it certain that the jury found that Jasperson was not the agent or servant of Frahm during the trip to Moritz, it would not be necessary to consider whether the evidence sustains the special verdict rendered. However, now it is conceivable that the jury found agency existed, but because Jasperson was found to be free from negligence plaintiff was nevertheless entitled to a verdict, or else because thereof the issue of agency was not reached. In considering this question it is to be remembered that the burden to prove contributory negligence of Jasperson was on defendant. The evidence does not disclose for what distance an automobile approaching this intersection from the east is within sight of the driver of a

car approaching it from the south. It does appear that on the east side of the road, on which Jasperson was driving, and near the intersection, was a cut, leaving an embankment three feet high, with grain growing thereon. Jasperson was the only witness who was asked about the roads, and the questions put to him were in regard to "obstructions." Whether this referred to obstructions in the roadway or obstructions interfering with Jasperson's view of vehicles moving towards the intersection on the crossroad is left in doubt. There is no showing as to the topography of the road or the country to the east. The evidence warranted the jury in finding that Jasperson violated no provision of the traffic act, and also that defendant's driver had by unlawful speed forfeited any right of way that he might have claimed. The special verdict must be regarded as sufficiently supported.

The verdict was for $7,500. The court reduced it to $6,750. Plaintiff consented to the reduction. As reduced, defendant challenges it as excessive, and also assigns misconduct of plaintiff's counsel in his reference to an insurance company in his closing argument to the jury, which is claimed to have influenced the jury to render the excessive verdict. There is no excuse in the record for the remark excepted to. But the court at once rebuked counsel by admonishing the jury to disregard any reference made by counsel to an insurance company; and in the charge the court took pains to impress upon the jury that the fact, if it were a fact, that there was insurance carried by defendant should not affect the verdict either on the question of negligence or on the amount of recovery. The court stated he so instructed because of the questions asked of the jurors when impaneled and because of the remarks of counsel in the argument. We cannot believe the improper remark prejudiced defendant, for the jury were promptly and fully advised by the court that it was improper and should be wholly disregarded. On the merit of the contention that the verdict as it now stands is excessive we cannot agree with defendant. Frahm was 56 years of age when killed. He was a trained workman and a licensed auctioneer. He had also been in the contracting business. He had not

been in the best of health when working as a blacksmith, the coal gas fumes affecting him somewhat; but no doctor had attended him in Minnesota, where he had lived during his married life except for about a year at Moritz, South Dakota. He and his wife had raised ten children, seven of whom were minors at the time of his death. There is no evidence of any poor aid received by the family except during part of the residence at Moritz. The record gives the impression that Mr. Frahm was willing to engage in any sort of work available. The pecuniary value of the continuance of his life to his wife and minor children is not to be measured by the present inability of workmen to find employment. It is rather to be measured by the amount which in normal times a person of Frahm's age, ability, and disposition to work could contribute to the support of his wife and minor children. We cannot hold that $6,750 is excessive.

Assignments of error on the admission and exclusion of testimony, and on instructions given and refused, do not, from defendant's brief and oral argument, seem to require comment. The trial appears to us to have been free from substantial error.

The order is affirmed.