ROY McKEOWN v. E. E. ARGETSINGER.[1]

May 6, 1938.

No. 31,607.

[1]Reported in 279 N. W. 402.

*E. H. Nicholas* and *Robert L. Palmer,* for appellant.
*Evans & Evans* and *A. R. English,* for respondent.

PETERSON, JUSTICE.

This action is brought to recover damages for the wrongful death of one Dr. Eugene G. McKeown, for the benefit of his two adopted children as his only next of kin. Late in the afternoon of October 20, 1936, while riding through the village of Ruthton in an automobile owned and driven by defendant, Dr. McKeown was killed by the alleged negligence of defendant. At the time, defendant, the deceased, and others were en route from Pipestone to Mankato to attend a lodge meeting. The road most of the way from Pipestone to Ruthton is graveled. Through Ruthton the road has a

tarvia surface. It was a stormy day, first there was rain and sleet and then snow. The snow covered the road but did not interfere with traction on the graveled road. When the parties arrived at Ruthton there were about two inches of snow on the road, the edges of which were plainly visible. Defendant knew that the road in Ruthton had a tarvia surface. It is claimed by plaintiff that defendant did not operate the car in a careful and prudent manner, that he drove at an excessive rate of speed, that he negligently failed to bring his car under control after he found himself in a dangerous position due to the skidding and sliding of the car, and that the car skidded and went forward some 380 feet, hitting a maple tree eight inches in diameter with such force as to uproot it, as a result of which the deceased sustained the injuries causing his death.

■ The first question is whether a recovery for wrongful death may be had for the benefit of an adopted child as next of kin under 2 Mason Minn. St. 1927, § 9657, which permits a recovery for wrongful death for the exclusive benefit of the surviving spouse and the next of kin. The right of recovery for wrongful death being purely statutory, it is for the benefit of those specified as beneficiaries in the statute. The legislature may refuse to allow a recovery for wrongful death altogether; it may allow a recovery for the benefit of anyone sustaining a loss on account of the death; or it may select the persons or class of persons who suffer such loss. Western Union Tel. Co. v. McGill (8 Cir.) 57 F. 699, 21 L. R. A. 818.

Section 9657 specifies the beneficiaries of such a recovery as the surviving spouse and next of kin. Ordinarily, next of kin refers to blood relations. Watson v. St. Paul City Ry. Co. 70 Minn. 514, 73 N. W. 400. This is not always so. In the Watson case we pointed out that in some instances next of kin may refer to those not of the blood; that a husband is not next of kin to his wife as that expression is ordinarily used; that the legislature has power to give the husband a right of action for damages sustained by the wrongful death of the wife, but that it had not done so. An action for wrongful death of the parent may be brought for the benefit of a natural child as next of kin. Wiester v. Kaufer, 188 Minn. 341,

247 N. W. 237. Concededly, the present action would lie if the beneficiaries were the natural children of the deceased.

An adopted child is not next of kin of the adoptive parents in the sense of being a blood relation. An adopted child may be a beneficiary of an action for wrongful death of the adoptive parent if such a right results from the adoption. That the legislature has the power to enlarge the class of beneficiaries for whom such an action may be brought is well settled. In its original form our statute provided that the action was for the benefit of the widow and the next of kin. In Watson v. St. Paul City Ry. Co. *supra,* we said that although the husband was not the next of kin as that term is ordinarily used, the legislature had the power to make the husband a beneficiary of an action brought for the wrongful death of the wife and that this could be done [70 Minn. 518] "in terms, or by reasonable implication." In 1905 the statute was amended so as to read that the action shall be brought for the benefit of the surviving spouse and next of kin instead of the surviving widow and next of kin, and actions for the wrongful death of the wife in which the husband is the beneficiary have been sustained. Peterson v. Pete-Erickson Co. 186 Minn. 583, 244 N. W. 68; Anderson v. Anderson, 188 Minn. 602, 248 N. W. 35. A change in beneficiaries may be made not only by amendment of the wrongful death statute, but by separate statutes subsequently enacted. Security T. & T. Co. v. West Chicago St. R. R. Co. 91 Ill. App. 332; Marshall v. Wabash R. Co. 120 Mo. 275, 25 S. W. 179. While a statute cannot abrogate the laws of nature by providing that those who are not children of the blood shall be so in fact, Puterbaugh's Estate, 261 Pa. 235, 104 A. 601, 5 A. L. R. 1277, it may provide that persons standing in the relation of parent and child shall have all the rights and duties growing out of and incident to that relation. Ryan v. Foreman, 262 Ill. 175, 104 N. E. 189, 36 Ann. Cas. 780. It is sufficient for present purposes to say that adoption is purely statutory and that the proceedings are had in the district court. The statutes determine the resultant status and the rights, duties, and obligations of the parties. The statutes, 2 Mason Minn. St. 1927, §§ 8624 to 8635, authorizing adoption, confer on the adopted child and the

adopting parents the legal status of parent and child. By § 8629, an adoption decree is required to provide that from the date thereof the adopted child "shall be the child" of the adopting parents. Section 8630 provides:

"Upon adoption such child shall become the legal child of the persons adopting him, and they shall become his legal parents, with all the rights and duties between them of natural parents and legitimate child. By virtue of such adoption, he shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents, and shall not owe his natural parents or their relatives any legal duty; and in case of his death intestate the adopting parents and their relatives shall inherit his estate, as if they had been his parents and relatives in fact."

Statutes conferring the legal status of parent and child upon adoptive parents and adopted children establish the status of parent and child as a matter of law with all the rights, obligations, and incidents arising or growing out of the status of natural parent and child. 1 Am. Jur. pp. 651-653, §§ 52, 53; 1 C. J. pp. 1397-1399, §§ 125, 128; 2 C. J. S. p. 450, § 59. The right of an adopted child to inherit as the heir of the adoptive parent has been recognized. Sorenson v. Rasmussen, 114 Minn. 324, 131 N. W. 325, 35 L.R.A. (N.S.) 216; In re Estate of Hack, 166 Minn. 35, 207 N. W. 17. In Bakke v. Bakke, 175 Minn. 193, 220 N. W. 601, we held that an adopted child is a child within the meaning of 2 Mason Minn. St. 1927, § 8745, relating to the rights of children unintentionally omitted from a will. In Security T. & T. Co. v. West Chicago St. R. R. Co. and Marshall v. Wabash R. Co. *supra,* statutes recognizing the status of mother and child between a woman and her illegitimate child were held to constitute the mother of an illegitimate child its next of kin within the meaning of the wrongful death statutes. In Ryan v. Foreman, *supra,* the Illinois adoption statute, which provided that adoption shall have the incidents of the natural relation of parent and child, conferred upon an adopted child the right to receive a pension from a police pension fund as a child. In Hilliard v. Hilliard, 135 Ga. 168, 68 S. E. 1110, 21 Ann.

Cas. 1031, and Cofer v. Scroggins, 98 Ala. 342, 13 So. 115, 39 A. S. R. 54, it was held that an adopted child was entitled to claim the homestead exemption as a child under a statute giving an adopted child the legal status of a natural child.

One of the rights of a natural child is to claim as the next of kin of his parent. The necessary legal result of conferring upon an adopted child the status of [§ 8630] "legal child" of the adoptive parents "with all the rights and duties between them of natural parents and legitimate child" is to clothe the adopted child with the right to claim as next of kin of his adoptive parents. By conferring on the adopted child the rights of a natural child, the statute has granted the adopted child the rights of a natural child as next of kin under the wrongful death statute. Ransom v. N. Y. C. & St. L. Ry. Co. 93 Ohio St. 223, 112 N. E. 586, L. R. A. 1916E, 704; Carpenter v. Buffalo General Elec. Co. 213 N. Y. 101, 106 N. E. 1026, Ann. Cas. 1916C, 754; Boutlier v. City of Malden, 226 Mass. 479, 116 N. E. 251, Ann. Cas. 1918C, 910. In each of the cited cases it was held that the relation of parent and child was established under statutes similar to ours so that the adoptive parent or next of kin by adoption could recover for the wrongful death of the adopted child. In Ransom v. N. Y. C. & St. L. Ry. Co. 93 Ohio St. 227, the question was whether the adoptive parents of a child adopted under a statute which provided that [Gen. Code Ohio, § 8030] "such child shall be the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges and subject to all the obligations of a child of such person begotten in lawful wedlock," which is substantially the same as the language of our statute, were parents of the child within the meaning of the federal employers liability act, awarding damages to the widow or husband and child or children or, if there be none, the parent of the employe. The court said that the meaning and intent of such language in the adoption statute was so plain and palpable that it needed no construction and that an adopted child whom the statute declared to be the legal child of the adoptive parent is a child and the adoptive parent is a parent within the meaning of a statute allowing recovery of damages for the benefit of such

child or parent. In Carpenter v. Buffalo General Elec. Co. *supra,* the next of kin of the adopting mother were held to be the next of kin of the adopted child within the meaning of the wrongful death statute of New York. In Boutlier v. City of Malden, *supra,* the adoptive mother was held to be the next of kin of the adopted child within the meaning of the similar statute of Massachusetts. If the relation of parent and child is established by adoption so as to permit the adoptive parents and their next of kin to recover as beneficiaries, there is no valid reason why the adopted child should not recover as a beneficiary for the wrongful death of the adoptive parent. The reasons which obtain in one case obtain in the other. In Omaha Water Co. v. Schamel (8 Cir.) 147 F. 502, recovery under the wrongful death statute of Nebraska was permitted for the benefit of an adopted child for the death of its adoptive parent, upon the assumption that an adopted child is next of kin of the adoptive parent.

The provision of § 8630 that the adopted child and the adopting parent shall inherit from each other is not to be construed as limiting the rights of the parties to inheritance only. The statute in express terms enumerates as incidents of adoption the status of parent and child and the right of inheritance. Where the statute enumerates two incidents of adoption, we are not justified in saying that there is only one of the two enumerated. There is nothing about one that limits or nullifies the other. Prior to 1905 our statutes expressly provided that adoption should confer the status of parent and child without right of inheritance. In R. L. 1905 the statute was amended so as to expressly grant the right of inheritance. R. L. 1905, § 3616. The provision of the former statute that there should be no right of inheritance was changed not by a repeal, but by an amendment expressly granting the right of inheritance. The effect of the amendment was to continue the provision for the relation of legal parent and child between the adoptive parent and adopted child and to substitute a clause giving the right of inheritance for the provisions of the former withholding such right. Sorenson v. Rasmussen and In re Estate of Hack, *supra.* The statute in express terms now declares the right of in-

heritance as an incident of the adoption status, which it formerly in like terms denied. The legislative policy is to state in the statute in express terms the rights of the parties with respect to inheritance. Such provisions are common in adoption statutes. Exactly the same situation existed in New York. The earlier statutes expressly provided, as ours did, that adoption resulted in the status of parent and child without right of inheritance. Then the statute was amended, preserving the provisions relative to the legal relation of parent and child but granting the right of inheritance. In Carpenter v. Buffalo General Elec. Co. *supra,* it was held that the amendatory law continued the legal relation of parent and child as the statute provided prior to the amendment, but added thereto the right of inheritance which formerly had been withheld.

No case squarely in point has been cited by counsel. Cases from other jurisdictions have been cited. They arise under statutes that differ substantially from ours. It is not necessary in such a situation to prolong the opinion by pointing out the distinguishing features of those cases. See Carpenter v. Buffalo General Elec. Co. *supra.*

■ Defendant contends that he was not negligent and that Dr. McKeown's death was due to an accident caused by the unforeseeable consequences of the slippery road. There is evidence to show that defendant knew that the road in Ruthton had a tarvia surface, that driving conditions were bad on the day in question, and that the trip was attended with such dangers due to the weather and driving conditions that the parties considered calling off the trip. There is evidence that defendant was driving his car in free wheeling, which makes it more difficult to control a car on a slippery road. His speed was estimated at between 35 and 45 miles per hour. The statute provides that any person driving a vehicle on a highway shall drive the same at a speed not greater than is reasonable and proper, having regard to the surface and width of the highway and any other conditions then existing, and that no person shall operate a motor vehicle carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property. 1 Mason

Minn. St. 1927, §§ 2720-3 and 2720-4. The accident occurred in the residence portion of the village of Ruthton, where speed in excess of 20 miles per hour is *prima facic* evidence of negligence under the statute. *Id.* § 2720-4(b)(7). It is the duty of a driver of a motor vehicle to exercise care commensurate with the dangers and risks involved. Slippery streets require the exercise of care commensurate with the dangers ordinarily to be apprehended from driving thereon. Reasonable men might differ as to whether or not defendant exercised reasonable care in driving his car at the stated rate of speed, in free wheeling on a snow-covered, slippery, tarvia-surfaced highway. Defendant's negligence was a fact question for the jury. Burgess v. Crafts, 184 Minn. 384, 238 N. W. 798; Cullen v. Pearson, 191 Minn. 136, 253 N. W. 117, 254 N. W. 631; Jannette v. M. F. Patterson Dental Supply Co. 193 Minn. 153, 258 N. W. 31; 5 Am. Jur. pp. 654-655, §§ 273-275.

■ The damages are not excessive. The verdict was for $10,000. Roy McKeown is 28 years old, had been married almost four years at the time of the accident. Marion McKeown is 20 years of age and was living with her mother, the divorced wife of the deceased. The evidence shows that the deceased had an expectancy of 17.4 years, that his earnings from an established practice as physician and surgeon were between $5,000 and $6,000 a year, and that he contributed from $40 to $60 a month to Roy and from $40 to $60 a month to Marion at the time of his death. The evidence tends to show that such contributions were made by reason of the economic necessity of the children, and there was no reason to believe that they would be discontinued. Damages in wrongful death actions are measured by the pecuniary interest of the beneficiaries in the continuance of the life of the deceased. The calling of the deceased, his income therefrom, his health, age, probable duration of life, the amount of aid in money or services which he was accustomed to furnish the beneficiaries, and perhaps other factors not now necessary to enumerate are to be considered. 2 Dunnell, Minn. Dig. (2 ed.) § 2617; Koski v. Muccilli, 201 Minn. 549, 277 N. W. 229. The award in this case is not excessive, having regard to all the facts that should be considered in assessing such damages. Ander-

son v. Anderson, 188 Minn. 602, 248 N. W. 35; Wiester v. Kaufer, 188 Minn. 341, 247 N. W. 237; Harris v. Raymer Hardware Co. 189 Minn. 599, 250 N. W. 577; Gross v. General Inv. Co. 194 Minn. 23, 259 N. W. 557.

■ There is no merit to the charge that plaintiff's counsel was guilty of misconduct. Plaintiff had the right to interrogate prospective jurors for the purpose of discovering whether they were interested in defendant's insurer, and to show that defendant was being defended by the insurer as part of the inquiry. The record shows that the inquiry was conducted in good faith and that no possible prejudice could have resulted therefrom. Santee v. Haggart Const. Co. 202 Minn. 361, 278 N. W. 520.

Nor was plaintiff's counsel guilty of misconduct in his argument. Defendant contends that plaintiff's counsel indicated that defendant's insurer would pay the verdict in this case by stating: "You are not going to hurt him or penalize him by your verdict in this case." It appears from the argument that this was in response to the argument of defendant's counsel that the jury would hurt and penalize the defendant if it returned a verdict against him in favor of plaintiff. The statement quoted from the argument of plaintiff's counsel is followed by further argument in which he stated that it was his purpose to ask the jury to return a verdict only upon the evidence submitted, showing that the accident was due to the carelessness and negligence of the defendant, making him legally responsible for damages in this case. Counsel may reply to his adversary's argument. Olson v. Purity Baking Co. 185 Minn. 571, 242 N. W. 283.

Finally, it is claimed that plaintiff's counsel was guilty of misconduct in arguing to the jury the cash value of deceased's life upon the basis of his capacity, earnings, and life expectancy. The argument was confined to facts shown in the evidence. It was part of his argument to show the pecuniary loss sustained by the death, for which only counsel requested recovery. We find nothing improper in such argument.

The order is affirmed.

MR. JUSTICE STONE, absent on account of illness, took no part in the consideration or decision of this case.

[1]Reported in 279 N. W. 407.