## GILBERT J. BERGSTROM v. EDWARD G. FRANK.[1]

June 19, 1942.

Nos. 33,173, 33,174.

*William Stradtmann,* for appellant.

*Peterson & Gunderson, Weston E. Jones,* and *Schmitt, Johnson & Farrish,* for respondents.

HOLT, JUSTICE.

Two actions to recover damages for wrongful death were tried together and separate verdicts returned for plaintiff. From the orders denying defendant's motion for a new trial, he appeals.

About 5:30 p. m. on November 20, 1940, Thanksgiving eve, John A. Bergstrom, his wife, Anna, daughter Betty, and one Gladys C. Thoresen were traveling east on trunk highway No. 16 in a car

[1]Reported in 4 N. W. (2d) 620.

owned and driven by Mr. Bergstrom, when it collided with defendant's truck traveling west at about 35 miles per hour. The truck was operated by defendant's servant. The details need not be related, since defendant concedes liability for the deaths. But as a reminder that the utmost care and vigilance must constantly be exercised by drivers of motor vehicles, this may be stated, that all four persons in the passenger car were instantly killed. The truck and the car remained upright with just space enough between the front bumpers of the vehicle for a person to pass through. The two actions for the wrongful death of Mr. Bergstrom and Miss Thoresen have been settled.

The only errors assigned in the court below and here are these:

"(1) That the verdict in each case is excessive and appears to have been given under the influence of passion and prejudice.

"(2) That the verdict in each case is not justified by the evidence and is contrary to law."

The assignments of error may be considered together. Anna Bergstrom was 48 years of age, in good health. The verdict for her death was $5,500. Betty was 20 years old, in good health. The verdict for her death was $2,500. The funeral expense in each case was $487. The beneficiaries in each case are Gilbert J. Bergstrom, 23 years of age, the son of Anna and the brother of Betty, and Viola, 22 years of age, the daughter of Anna and the sister of Betty.

The evidence shows the Bergstroms were an ideal family. The mother was active and devoted to her children, and they in turn were devoted to and helpful to her and one another. Betty was a graduate of a high school and was attending a commercial college at Mankato. On the day of the tragedy, Mr. and Mrs. Bergstrom had driven to Mankato to bring Betty and her student friend Gladys Thoresen home for Thanksgiving at Charles City, Iowa.

Only that part of the settled case which relates to the loss sustained by Gilbert and Viola from the death of their mother and

sister is printed, and we must assume that there is nothing in the part not printed which tended to arouse passion or prejudice in the jury. It follows that, unless it can be held that the size of the verdicts, as a matter of law, established that passion or prejudice actuated the jury, this court should not disturb them. In comparing them with verdicts in former days, the purchasing power of the dollar now and then must be considered, as well as the difference in the income or interest of money then and now invested. Of course, the pecuniary loss to the beneficiaries resulting from the death of one by wrongful act measures the recovery. But as to many matters affecting the amount of such loss, there is usually no evidence available at the time of trial. How long would the life of decedent have continued had not defendant's wrongful act cut it short? How long will the life of the beneficiary last? Much must be left to probabilities or reasonable possibilities.

May not the services of a 48-year-old devoted mother, in good health, reasonably be estimated worth to her 22- and 23-year-old children $5,000 in money?

Defendant cites and relies on the late cases of Nahan v. Stevenson, 182 Minn. 269, 234 N. W. 297, and Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251, where prior decisions are considered. To this we add the following, cited by plaintiff: Waggoner v. Gummerum, 180 Minn. 391, 231 N. W. 10; Hoppe v. Peterson, 196 Minn. 538, 265 N. W. 338; Gamble v. Smith, 211 Minn. 457, 1 N. W. (2d) 411. What is said in the Hoppe case of the loss of a father's services applies with equal force to those of a mother.

The verdict in the case of the sister Betty does not appear excessive.

The order in each case is affirmed.