Frank L. McDavid, Administrator with Will Annexed of Estate of Catherine Hall, Deceased, Appellant, v. Stephen Fiscar, Harry Satterlee, Trading as Satterlee Brothers and Jack Bray, Appellees.

Gen. No. 9,741.

674

675

Opinion filed March 7, 1951. Released for publication April 3, 1951.

FRANK E. MORRIS, of St. Louis, Mo., and JONES, OTTESEN & FLEMING, of Belleville, for appellant.

VANDEVER & BULLINGTON, and OMER POOS, both of Hillsboro, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.

This suit was brought under the Wrongful Death Act [Ill. Rev. Stat. 1949, ch. 70, par. 1 *et seq.;* Jones Ill. Stats. Ann. 38.01 *et seq.*] by plaintiff, Frank L. McDavid, as administrator with the will annexed of the estate of Catherine Hall, deceased, against defendants, Stephen Fiscar, Harry Satterlee and Jack Bray. The trial court, on the motion hereinafter referred to, dismissed the suit. Plaintiff appeals from such order of dismissal.

The amended complaint in certain counts alleged that decedent, while in the exercise of due care, was injured and came to her death in Montgomery county, Illinois, on July 15, 1949, because of the negligence of

certain defendants, and, in certain counts, because of wilful and wanton misconduct of one defendant.

Paragraph 8 of each count alleged that Catherine Hall, the decedent, left Kenneth Edward Hall, as her only heir at law and next of kin, that he was legally adopted by her and her husband, William Hall, by a decree entered in the circuit court of St. Louis, Missouri, on June 12, 1925, that William Hall predeceased Catherine Hall, and that Kenneth Edward Hall sustained pecuniary loss and damage as a result of the death of Catherine Hall. This was the only allegation as to next of kin.

Attached to and by reference made a part of the complaint as "Exhibit A" was an exemplified copy of an order entered in such Missouri court on June 12, 1925, which reads: "Now . . . come the petitioners Wm. Hall and Cathern Hall, his wife, . . . comes also Jesse P. Smith, the duly appointed guardian ad litem to represent Kenneth Edward Kietemann in this proceeding; thereupon . . . the Court . . . doth find that the petitioners . . . are desirous of adopting one Kenneth Edward Dietmann. . . . that Gesine and George Phillip Dietemann, the parents of said child, are dead; that . . . Louis J. Hartke, guardian of said child . . . has given his consent, in writing to the adoption of said child by petitioners. . . . that . . . it is fit and proper that such adoption should be made. Wherefore, it is ordered, adjudged and decreed . . . that from the date hereof, . . . said child shall hereafter be deemed . . . to be for every purpose the child of petitioners, as fully as though born to them in lawful wedlock; and that the name of said child be and is hereby changed to Kenneth Edward Hall."

On motion of defendants, paragraph 8 and Exhibit A were stricken on April 1, 1950.

On May 23, 1950, the circuit court entered an order which, so far as is material, reads: "That the plaintiff . . . has elected to abide by his amended complaint and does not desire to waive any of his rights under his amended complaint in the above entitled cause, and further that said plaintiff has moved this Court for the entry of a final order and judgment of dismissal . . . so that an appeal may be taken by said plaintiff to the Appellate Court of the Third District of the State of Illinois. It is hereby ordered that the above entitled cause and each and every count thereof is dismissed and judgment is hereby entered in favor of the defendants and against the plaintiff."

 Defendants contend that plaintiff, having requested that such final order be entered, is not entitled to have the same reversed on appeal. They say that striking only paragraph 8 and Exhibit "A" did not "make it impossible for plaintiff to obtain a judgment." We do not agree with this contention. In an action under the Wrongful Death Act neither the administrator nor the estate has any interest in or right to the benefit of any judgment that may be recovered, but the real party in interest is the next of kin as beneficiary. (*Voorhees v. Chicago & A. R. Co.,* 208 Ill. App. 86; *Van Meter v. Goldfarb,* 317 Ill. 620.) The motion to strike admitted that the deceased left no husband. If she left no next of kin then there could be no recovery for the benefit of anyone. (*Wilcox v. Bierd,* 330 Ill. 571.) Therefore, to maintain the action plaintiff had to allege that decedent left some particular person or persons as her next of kin. The plaintiff, and Kenneth Edward Hall, in our opinion, had the right to have it alleged and proven that the latter was the only next of kin.

 Defendants call attention to the familiar rule that a consent decree or judgment cannot be reversed on appeal or writ of error. After the motion to strike

was allowed defendants made no further motion. When plaintiff elected to abide by his said complaint, although defendants made no motion for judgment, the trial court, on its own motion could have entered final judgment. This not having been done plaintiff, to protect his rights, had to take some action, and in our opinion properly asked the court to enter judgment so that an appeal could be taken by him. It is our opinion that the judgment order clearly shows that it was not a consent judgment but only entered so that plaintiff could have the rights of plaintiff and Kenneth Edward Hall passed on by a court of review. To hold otherwise would, in our opinion, be too narrow and technical a construction of the rules of law and procedure applicable to the due administration of justice.

The only ground stated in the motion to strike paragraph 8 was, ''There is no right of recovery in the State of Illinois for wrongful death for the benefit of a child by adoption.'' No Illinois case has been called to our attention in which this question has been passed on.

█ Plaintiff's right to maintain this action for the benefit of Kenneth Edward Hall, if he was legally adopted, is dependent on and controlled by the laws of Illinois. (See *Keegan v. Geraghty,* 101 Ill. 26.)

Section 2 of our Wrongful Death Act, enacted in 1853, states: ''Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate . . . .''

On June 12, 1925, the date when it is alleged the adoption was made, and at all times since, our adoption

statutes have stated that a decree of adoption shall order "that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner . . . ."

On June 12, 1925, and at all times thereafter until our present Probate Act [Ill. Rev. Stat. ch. 3, par. 151 *et seq.;* Jones Ill. Stats. Ann. 110.247 *et seq.*] was approved on July 24, 1939, our Adoption Act [Ill. Rev. Stat. ch. 4, par. 1–1 *et seq.;* Jones Ill. Stats. Ann. 19.012 (2) *et seq.*] has provided that "A child so adopted shall be deemed, for the purpose of inheritance by such child, . . . and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock . . . ."

Section 14 of our Probate Act at all times since July 24, 1939 has provided that "A child lawfully adopted is deemed a descendant of the adopting parent for the purposes of inheritance . . . ."

It is our opinion that the words "next of kin" as used in our Wrongful Death Act have been enlarged upon by the subsequent passage of the above-quoted provisions of the adoption statutes and of the Probate Act of this State.

The construction of adoption statutes should not be so narrow or technical as to defeat the intention of the acts or the beneficial results, where all material provisions of the statute have been complied with. (*Hopkins v. Gifford,* 309 Ill. 363.) We believe that this rule of law also applies to the Injuries Act in the instant case.

In *Wilcox v. Bierd,* 330 Ill. 571, the court said, "The term 'next of kin,' in its technical, legal meaning, means persons nearest in degree of blood surviving. . . . The next of kin of any deceased person are definite blood relatives or a definite class of blood relatives or kinsmen in existence at the time of the

death of the deceased who would take his personal property in case he died intestate.'' In that case no question as to the rights of an adopted child was involved.

*Security Title & Trust Co. v. West Chicago St. R. Co.,* 91 Ill. App. 332, was an action under the Wrongful Death Act brought by the mother of a deceased illegitimate child. The court said: ''The common law regarded an illegitimate child as *nullius filius* for the purpose of inheritance. Being such, he could have no kin; could neither be nor have an heir.'' In holding that the mother could maintain the action by reason of statutes providing that such a mother can inherit from such a deceased child the court said: ''. . . it cannot, as we think, be successfully contended that the words 'next of kin' in the act requiring compensation must be limited to those who were by law the next of kin to a deceased person, at the time the act took effect. The words are 'shall be for the exclusive benefit of the widow and next of kin of such deceased person.' The statute speaks prospectively, and speaks not merely as of the time it took effect, but every moment while it continues in force; and in any given case the question who is or are the next of kin of a deceased person must be determined by the law in force at the time of action brought. The statute further provides that the amount recovered in the action 'shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of property left by persons dying intestate.' ''

In *Cleveland, C., C. & St. L. Ry. Co. v. Baddeley,* 150 Ill. 328, the court held that the Wrongful Death Act gives an action for the benefit of a surviving husband as well as of a surviving widow.

In *Flannigan v. Howard,* 200 Ill. 396, the court said: ''So far as inheritance is concerned, the adopted child is to be deemed the child of the testator, precisely the same as though born to the testator.''

In *Ryan v. Foreman,* 262 Ill. 175, a legally adopted child filed application for payment under the Police Pension Fund Act of the city of Chicago, claiming that she as an adopted child of her deceased adoptive father and mother was entitled to payments under said Act which provided that the child or children under sixteen years of age of a deceased pensioner was entitled to the pension. The court held that the adopted child was entitled to the payments under the Act. In so holding, the court said with apparent approval that in *Power v. Hafley,* 85 Ky. 671, the Kentucky court thus construed the word child as it occurred in the statutes of that State: "The word 'kindred,' in section 1, chapter 31, General Statutes, is not necessarily confined to blood relations, nor is the word 'children,' in section 1, necessarily confined to children born in lawful wedlock, for those sections 'must be understood as merely laying down the general rules of inheritance, and not as completely defining how the status is to be created which gives the capacity to inherit.' Section 1 does not undertake to define the word 'kindred.' The word may include in its meaning . . . children by adoption, for the latter are the legal children of their adoptive parents."

██ ██ In passing on the motion to strike paragraph 8, we are required to assume as true such of the alleged facts in paragraph 8 as are well pleaded. Assuming such alleged and well pleaded facts to be true, it is our opinion that they show *prima facie* that the decedent left Kenneth Edward Hall as her only heir at law and only next of kin within the meaning of the Wrongful Death Act, and that plaintiff is entitled to maintain this action for the benefit of Kenneth Edward Hall.

This conclusion is supported by the following decisions in other States on the question of the meaning of the words "next of kin" as used in wrongful death

682

statutes similar to our statute: *McKeown v. Argetsinger*, 202 Minn. 595, 279 N. W. 402; *Ransom v. New York, C. & St. L. Ry. Co.*, 93 Ohio St. 223, 112 N. E. 586; *Boutlier v. City of Malden*, 226 Mass. 479, 116 N. E. 251.

It is our opinion that the allegations of paragraph 8 of the complaint that the decedent left the adopted son as her only heir and next of kin, and that that son was legally adopted, were well pleaded statements of ultimate facts necessary to be alleged and later proven on the trial. It is also our opinion that it was not necessary for the plaintiff to allege the adoption laws of Missouri, or the filing of a sufficient petition for adoption in the Missouri court, or the order of adoption, or the procedure taken in the Missouri court. These were all evidentiary facts not necessary to be alleged, but to be later proven.

Subparagraph 3 of sec. 33, par. 157 of our Civil Practice Act [Jones Ill. Stats. Ann. 104.033] states that pleadings shall be liberally construed with a view of doing substantial justice between the parties. It is a rule of pleading long established that the pleader is not required to set out his evidence. (*People v. Colegrove*, 354 Ill. 164.)

Defendants' motion to strike "Exhibit A" stated that "Exhibit A" was insufficient to show that Kenneth Edward Hall is a child "even by adoption" of Catherine Hall, because "Exhibit A" shows the name of one of the petitioners was "Cathern" Hall and not "Catherine" Hall. We consider it unnecessary to cite decisions for us to properly hold that "Cathern" Hall and "Catherine" Hall are *idem sonans*.

Defendants next say "Exhibit A" fails to show Kenneth Edward Dietemann was represented in the Missouri court by a guardian *ad litem* because of the recital "comes also Jesse P. Smith, the duly appointed guardian *ad litem* to represent Kenneth Ed-

683

ward Kietemann in this proceeding," instead of to represent "Kenneth Edward Dietemann." From a reading of the whole order it is obvious that this misspelling of the name Dietemann was merely a typographical error and should not be allowed to defeat the adoption of the child, and it is obvious that Kenneth Edward Dietemann was in fact duly represented by his duly appointed guardian *ad litem*.

In *VanMatre v. Sankey*, 148 Ill. 536, where the adoption was had in Pennsylvania, the court said: "By reference to the statute set out in the foregoing statement it will be seen that the adoption may be had with the consent of the guardian. While it might have conformed more nearly to the practice in this State, after the appointment of the petitioner as guardian, to have formally appointed a guardian *ad litem* or 'a next friend,' who, under the statute, could have given the required consent, the failure to do so would, at most, be an irregularity, only, which would not subject the decree to collateral attack. At most, it could render the adoption voidable, only." (See *People v. Fahey*, 230 Ill. App. 143.)

It is our opinion that the trial court erred in striking paragraph 8 and "Exhibit A," and erred in entering the judgment appealed from.

The judgment appealed from is reversed and the cause remanded with directions to the trial court to deny the motion to strike, to require defendants to further plead, and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*